This is a divorce case.
The husband attempted to modify a prior decree of divorce. The trial court refused to modify and the husband appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in refusing to modify the decree of divorce. We find the trial court did not err to reversal.
The wife initiated contempt proceedings against the husband. The husband answered and filed a petition to modify certain provisions of a prior decree of divorce. Specifically, the husband attempted to change the following paragraphs of the parties' agreement which was incorporated into the decree of divorce:
 2. The Second Party shall pay to the First Party alimony at the rate of $400.00 per month for a period of two years following this decree, commencing on the first day of May, 1978, and continuing from month to month thereafter for 24 months.
. . . . .
 6. The Second Party agrees that he shall make the First Party be irrevocable beneficiary of one-half of the life insurance in effect on his life and shall continue to pay the premiums thereon as the same become due and payable.
In essence, the husband, through able counsel who has favored this court with an excellent brief, argues that the above provisions are not alimony in gross or a property settlement and are therefore modifiable. The wife contends that the provisions provide for an award of alimony in gross and/or property settlement. We agree with the wife.
To this court, paragraph 6, as stated hereinabove, could be construed as part of the parties' property settlement agreement. Put another way, the trial court did not commit reversible error in reaching a conclusion that paragraph 6 is a property settlement between the parties and therefore not modifiable. This is particularly true in this instance since the provision arises from an agreement. See 24 Am.Jur.2dDivorce and Separation § 932; and 59 A.L.R.3d 9.
As Judge Bradley stated in McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316, 319 (1977):
 In contrast to an award of child support and periodic alimony, a provision for a property settlement in a decree of final divorce is not a continuous provision. After a lapse of thirty days from the date of rendition of the decree, a court of equity cannot modify a property settlement provision except to correct clerical errors. Kelley v. Kelley, 53 Ala. App. 608, 303 So.2d 108 (1974); Rule 59 ARCP. See also Cochran v. Cochran, 289 Ala. 615, 269 So.2d 897 (1972). . . .
We therefore find the trial court did not err in refusing to modify paragraph 6.
As to paragraph 2, it could be said that the trial court, in this instance, under the facts as presented to it, found this paragraph also concerns a property settlement. See DuValle v.DuValle, Ala.Civ.App., *Page 974 348 So.2d 1067 (1977); 61 A.L.R.3d 520, for a discussion of the "integrated bargain" concept. However, clearly the trial court would not be in error in concluding that paragraph 2 is an award of alimony in gross. Again, in McEntire, supra, we find the following:
 If not a portion of the property settlement, then the requirement of which the husband complains is alimony in gross. Under Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), an award is alimony in gross when the amount of payment is fixed, the time of payment is certain, the award is clearly denominated as "alimony in gross," and the trial court reserves no right in itself to later modify the provisions. . . . 345 So.2d at 319, 320.
The award in paragraph 2 meets all the requirements as stated in McEntire other than specifically designating the award asalimony in gross. In this instance, such designation is not mandatory nor does McEntire or other cases so hold.
We should not be understood as necessarily finding that the trial court was required to conclude that paragraph 2 involves an award of alimony in gross, only that in this instance he did not err in so concluding. This is particularly true when the entire agreement is considered.
We would further note that, in the instant appeal, Code of Alabama 1975, § 30-2-55, is not applicable. The husband contends that since the wife has remarried the statute has application to the instant case.
Section 30-2-55 is as follows:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
It is clear to this court that this Code section only applies to awards of periodic alimony. As indicated above, we do not have such an award on this appeal.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.