The Circuit Court of Jefferson County determined that certain aspects of a divorce decree were part of a property settlement and that payments thereon constituted alimony in gross. As a result, the husband was ordered to reimburse the wife for payments she had made upon his ceasing to do so. The husband was also ordered to make all future payments.
The husband appeals and we affirm.
The dispositive issue is whether the pertinent terms of the decree were properly characterized as an award of alimony in gross and/or property settlement thereby constituting a continuing, nonmodifiable obligation of the husband after the wife's remarriage.
The record reveals the parties were divorced in 1969. The decree of divorce incorporated an agreement of the parties which in pertinent part provided:
 5. The respondent [husband] will assign, deliver and make the regular premium payment for the following listed insurance policies in the sum of $85,000, making the complainant [wife] the absolute owner thereof: . . .
There followed a list of the eight insurance policies which are the subject matter of this appeal. The decree further provided:
 7. The respondent is to pay to the complainant as alimony and support and maintenance for her and the said minor children the sum of One Thousand Thirty-five and no/100 ($1,035.00) Dollars per month until the complainant remarries or her death, whichever shall first occur.
Upon the wife's remarriage, the husband ceased making the premium payments on the policies awarded the wife. The wife then filed a petition for rule nisi and, after an ore tenus hearing, the learned trial judge made the determination that the award of the policies was part of the property settlement of the parties and the requirement that the husband make the regular premium payments constituted a fixed award, of alimony in gross which was not subject to modification due to the wife's remarriage.
On appeal, the husband contests this characterization. He argues that this award amounted to periodic alimony, and that his obligations thereon were terminated pursuant to § 30-2-55, Code of Ala. 1975 (1979 Cum.Supp.), which states:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried. . . . (Emphasis supplied.)
This court has previously ruled that this section of the Code applies only to awards of periodic alimony, and that it does not affect awards of alimony in gross. Higginbotham v. Higginbotham, Ala.Civ.App., 367 So.2d 972 (1979). We thus follow the well established law in Alabama that awards of alimony in gross, like property settlements, are nonmodifiable because *Page 1099 
based not on the future earning capacity of the husband, but upon the present value of his estate, not being intended to provide for the wife's future support, but to compensate her for the loss of the present value of her inchoate marital rights. See, Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974).
Turning to the disputed paragraph 5 of the decree, we note that in Higginbotham, supra, this court upheld a finding by the trial court that a provision very much like the one at bar constituted a property settlement and/or alimony in gross. There, the paragraph read:
 6. The Second Party agrees that he shall make the First Party be irrevocable beneficiary of one-half of the life insurance in effect on his life and shall continue to pay the premiums thereon as the same become due and payable. 367 So.2d at 973.
The husband, through able and distinguished counsel, does not attempt to distinguish the two provisions. His contention is that this court incorrectly decided Higginbotham. Accordingly, we are urged not to repeat our purported error in the case at bar.
As support for his argument, the husband refers us to the case of Montgomery v. Montgomery, 275 Ala. 364, 366,155 So.2d 317, 319 (1963), where the Supreme Court of Alabama said:
 [F]or alimony to be in gross it should be
unequivocally expressed in the decree and it must meet and satisfy two requirements, i.e., (1) the time of payment and the amount must be certain; (2) the right to alimony must be vested. (Emphasis supplied).
From this language the husband concludes this court erred inHigginbotham where we ruled the specific designation of the award as alimony in gross is not mandatory.
We cannot agree. While such a designation would of course be helpful as providing an indicium of the intent of the drafting party, we will not allow the mere lack of such a label to defeat a provision which in substance provides for an award of alimony in gross as part of a property settlement.
We reiterate, Montgomery, supra, clearly does not require such an elevation of form over substance. It merely holds that the designation of the award as alimony in gross should be present. Only when turning to the substantive requirements of such an award does the usually mandatory word "must" appear.
Indeed, in Hager v. Hager, supra, the supreme court said where the type of award is not specified, the source of the payment and the purpose of the award are of prime importance. In thus acknowledging the probable future existence of problems such as those before this court today, the supreme court wisely refused to transform a guidepost into an ultimate destination.
Here, it is clear the husband's present estate was considered in deciding the source of the payment and that the purpose of the award was to compensate the wife for the loss of her share of that estate. As indicated, these are the distinguishing characteristics of an award of alimony in gross.
The husband further contends that in both Higginbotham and the provision at bar the time of payment and the amount of the award do not possess the requisite certainty required of an award of alimony in gross.
Again, we disagree. The husband's obligation is to pay the regular premium payments as they come due so that the wife will receive the ultimate payoff on the policies upon his demise. This is sufficient. See, McEntire v. McEntire, Ala.Civ.App.,345 So.2d 316 (1977). We do not find that the wife's ability to slightly alter these premiums according to her use of the dividends which accrue, or to alter the cash value of the policies by borrowing on them deprive the husband's obligation of certainty.
Furthermore, the award could be classified as a property settlement even in the absence of the above considerations. While paragraph 5 did not specify the type of award contained therein, paragraph 7 clearly *Page 1100 
was for support and maintenance and thus constituted periodic alimony and child support.
Construing the two paragraphs in pari materia, paragraph 5 seems clearly to have been intended to fulfill some other purpose. The most reasonable construction is that it was intended to be either alimony in gross or part of the property settlement. See Hager v. Hager, supra. This being so, its provisions were neither modifiable nor subject to § 30-2-55.
The wife has requested a fee for representation on appeal. As indicated above, this appeal comes to this court as a result of a contempt proceeding. However, there was no finding of contempt by the trial court.
In Scott v. Scott, 375 So.2d 797 (Ala.Civ.App., 1979), a case involving the award of attorney's fee at the trial level, this court stated the following:
 Under § 30-2-54, Code of Ala. 1975, attorney's fees may be awarded "in all actions for the recovery of alimony, maintenance or support in which . . . a contempt of court citation has been made by the court against either party. . . ."
 Our cases construe this statute to mean that attorney's fees in enforcement proceedings may not be awarded when no contempt citation is made. Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978); Jernigan v. Jernigan, Ala.Civ.App., 335 So.2d 178 (1976). Clearly, in the instant case the entire proceeding was one for contempt. . . .
In view of the above, this court is without authority to grant an attorney's fee on appeal since no finding of contempt was made below.
In view of the above, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.