This is a divorce case.
The parties to this appeal were divorced by a decree of the Circuit Court of Jefferson County, Bessemer Division, on October 6, 1981. This decree was set aside and a new trial held on February 2, 1983.
A final judgment of divorce was rendered on May 3, 1983. In that decree the trial court disposed of the parties' real and personal property and also awarded the wife $9,000 as alimony in gross with a lien on the marital home to assure its payment. Husband appeals, contending that the trial court erred by awarding wife alimony in gross. We find no error and affirm.
The evidence shows that husband and wife were married in July 1941. Four children were born of the marriage, all of whom are now adults. Husband and wife separated in the fall of 1980 and she filed the complaint for divorce in 1981.
Wife is sixty-two years of age and lives in a mobile home on some property she inherited in Marion County, Alabama. The wife has been working continuously since 1965. From 1965 to 1980 she worked at a church kindergarten. During that time she received a college degree and teaching certificate from Birmingham-Southern College. Wife is currently employed by the Fayette County Board of Education as a school teacher and nets $883 a month in income. If her salary remains the same, wife will receive $256 a month when she retires in eight years.
The record shows that wife handled the family finances and that since 1965 she has maintained separate checking and savings accounts from her husband. She stated that she would save money from the family finances and from her separate earnings and had done so over a period of years. Sometime in the mid-1970's wife purchased some property in Florida without her husband's knowledge and later sold the property. The proceeds from the sale of this property were used to improve property she owned in Marion County, Alabama. *Page 372 
Wife is joint owner with her ex-husband of some property in Mississippi and in Tuscaloosa County and six cemetery lots. She also owns property in Marion County, which she inherited. She owes the Winfield State Bank approximately $18,000.
Husband is sixty-four years old and lives in the parties' homeplace in Pleasant Grove, Alabama, which has been appraised at $20,000. He was employed at United States Steel for thirty-three years but retired in September 1981. He receives an income of $613 per month retirement pay and $549 a month in social security benefits.
Husband testified he is indebted to various institutions and had to borrow money to pay his 1982 federal and state income tax. Besides the property above noted, husband owns the household furniture in the Pleasant Grove property, some tools, and a 1972 Chevrolet pickup truck. Neither husband nor wife suffers from any health disabilities.
The trial court, in addition to the $9,000 alimony in gross, awarded the wife the property she owned in Marion County, Alabama, the mobile home on that property, the personal property which she had in her possession, the 1977 Plymouth Volare, and three of the six cemetery lots owned by the parties. The wife was ordered to pay all of her debts.
The husband was awarded the marital home in Pleasant Grove, Alabama, all of the personal property then in his possession, which includes a 1972 Chevrolet pickup truck, and three of the six cemetery lots owned by the parties. The husband was also ordered to pay all of his debts.
The court ordered that the lot in Pascagoula, Mississippi and the lot in Tuscaloosa County, Alabama owned by the parties be sold and the proceeds divided equally between them.
The trial court reserved the right to award periodic alimony in the future and awarded the wife a sum of money as an attorney's fee.
Husband argues that the wife is employed and he is not, and that she is more financially secure than he is and, therefore, he should not be required to pay alimony in gross.
An award of alimony in gross is intended to effect a final termination of the property rights of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's estate. Hager v.Hager, 293 Ala. 47, 299 So.2d 743 (Ala. 1974). An award of alimony in gross is a matter within the sound discretion of the trial court, Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App. 1979), and an exercise of that discretion will not be overturned except for gross abuse. Dees v. Dees, 390 So.2d 1060
(Ala.Civ.App. 1980).
The fruits of a forty-year marriage, both personal and real property, were divided between the parties with the husband receiving the marital home which was appraised at $20,000 and the wife receiving $9,000 as alimony in gross with a lien in the marital property to assure payment. We find no abuse of discretion and affirm the trial court's decree.
Wife is awarded $350 as an attorney's fee on appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.