This is a divorce case.
After an ore tenus hearing, the trial court entered a judgment of divorce and awarded the wife both alimony in gross and periodic alimony. The husband contends on appeal that the trial court abused its discretion. We find no abuse in the trial court's action and affirm.
The parties were married approximately five years. The wife's two previous marriages ended in divorce; the husband has also been married twice before, and his last marriage ended with the death of his second wife. The wife is thirty-five years of age and in good health; the husband is thirty-seven years of age but has suffered two heart attacks and had triple bypass surgery in early 1984.
Prior to this marriage the wife had an automobile which was not paid for, a small savings account, and her personal effects. She lived with her parents. The husband had substantial assets, including approximately $70,000 in savings, a house with a mortgage, a clock collection, and substantial annual income.
During the marriage the husband purchased several items of jewelry for his wife. They made substantial improvements on the house, paid for from their joint funds. Wife's approximate net weekly earnings were about $185. Except for $50, these earnings went into the parties' joint checking account. Wife's present income is about the same as before the divorce.
Noting that the wife had enjoyed a lifestyle provided by her husband which involved a higher standard of living than that which she had previously known, a proper factor for the court to consider, Langford v. Langford, 441 So.2d 962 (Ala.Civ.App. 1983), the court awarded the wife $10,000 alimony in gross, $250 per month for two years as periodic alimony, and her various personal effects.
Also, she was held responsible for a debt she had incurred at her credit union, and had to pay her own attorney's fees. The husband was given the remainder of their goods, including the marital home, which he owned before this marriage, and was held responsible for any joint marital debts.
Husband argues in brief that the trial court erred in the amount of alimony in gross and periodic alimony awarded to the wife.
An award of alimony in gross is intended to effect a final termination of the property rights of the parties, and is an approximate appraisal of the present value of the wife's future support. It also is an attempt to compensate the wife for the loss of inchoate property rights in her husband's estate.McCrary v. McCrary, 448 So.2d 371 (Ala.Civ.App. 1984).
There are no fixed standards for determining the appropriate amount of periodic alimony to be awarded, but the trial court, in fashioning such an award, may consider the future prospects of the parties, their ages, health, and station in life. Makarv. Makar, 398 So.2d 717 (Ala.Civ.App. 1981).
An award of alimony is a matter within the sound discretion of the trial court, and an exercise of that discretion will not be set aside except for gross abuse. Scott v. Scott,460 So.2d 1331 (Ala.Civ.App. 1984); Dees v. Dees, 390 So.2d 1060
(Ala.Civ.App. 1980).
Applying the above noted presumptions to the evidence contained in the *Page 539 
record, we do not find that the trial court abused its discretion in the award of alimony to the wife.
Wife is awarded $500 as a fee for her attorneys on appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.