Husband appeals from a divorce decree rendered by the Talladega County Circuit Court.
The parties were married in 1978 and have one child. The wife has worked outside the home for some six years during the parties' marriage. The husband, age forty-five, has not engaged in regular work since he was twenty-seven years old. The *Page 998 
husband's only alleged source of "income" is an $8,000 annual payment made to him by his mother for working on the family's farm.
After ore tenus proceedings the trial court issued a decree which ordered, among other things, the husband to pay $300 per month as child support and, as alimony in gross, to pay off a promissory note in the amount of $20,000 owed by the wife. After denial of husband's posttrial motions he appeals.
The decree of a trial court rendered after ore tenus proceedings is presumed correct on appeal, and it will not be set aside unless it is plainly and palpably wrong or unjust.Robbins v. Robbins, 537 So.2d 964 (Ala.Civ.App. 1988).
Husband first argues that the amount of child support awarded is so disproportionate to the amount of his income as to constitute an abuse of the trial court's discretion. The complaint for divorce was filed prior to October 1989; thus the application of the provisions of Rule 32, Alabama Rules of Judicial Administration, is not mandatory.
The amount of child support awarded is to be based upon the needs of the child and the ability of the parent to pay, and an award of child support will not be reversed absent an abuse of the trial court's discretion. Tucker v. Tucker, 403 So.2d 262
(Ala.Civ.App. 1981).
The record shows that the husband has not been employed in a full-time capacity for almost eighteen years. The husband is an alcoholic and has been treated on a number of occasions, with only temporary success. He drinks approximately one-fifth of a gallon of liquor and smokes three packs of cigarettes per day.
The husband is paid $8,000 per annum by his mother for various work relating to a farm owned by the husband and his two sisters. The farm consists of approximately 1,800 acres of land, and of that amount 800 or so acres are suitable for farming. The remainder is forested mountain land.
Though the record is less than clear as to the amount of money available to the husband, there is evidence which indicates it is considerably in excess of the $8,000 claimed by the husband. The physician engaged to treat the husband's alcoholism testified to the extensive in-patient and out-patient care that the husband has received over the last few years. The husband testified that his family has provided him with whatever monies he needed through the years, including money for the support of his family even when the wife was not employed. It would appear that 800 acres of arable land would provide some income for a one-third owner. There was evidence that the 800 acres had a value of $1,000 per acre. There is sufficient evidence, when reasonably viewed, that the husband has income, other available funds, and salable real assets more than large enough to pay the child support ordered. It may be reasonably suggested that he forgo the fifth of whiskey and three packs of cigarettes per day. It may be too much to suggest that he seek the employment that he has eschewed for eighteen years. We find no abuse of discretion in the decree.
The husband next argues that the trial court erred by requiring him to repay a promissory note, incurred solely by the wife, as alimony in gross, because the only property in which he owns any interest was inherited and not regularly used for the common benefit of the marriage. In essence, the husband asserts that, as his only property was inherited and not used for the common benefit of the parties' marriage, any award of alimony in gross which represents the wife's inchoate property rights is erroneous because the husband has no estate amenable to division.
An award of alimony in gross is intended to effect a final termination of property rights and is an approximate appraisal of the present value of the wife's future support requirements and compensation for the loss of any inchoate property rights in her husband's estate. McCrary v. McCrary, 448 So.2d 371
(Ala.Civ.App. 1984). The award of alimony, whether periodic or in gross, is a matter committed to the sound discretion of the trial court, and its determination thereof will not be set aside *Page 999 
on appeal absent a showing that an abuse of discretion occurred. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987). Whether the separate estate of one spouse should be taken into consideration in determining an alimony-in-gross award is "particularly" within the discretion of the trial court. Hudsonv. Hudson, 531 So.2d 1243 (Ala.Civ.App. 1988).
Pursuant to the divorce decree, the wife was divested of her interest in certain property originally deeded to the husband and wife. The record also indicates that the parties lived for approximately nine years in a home located on the husband's farm. After carefully reviewing the record, we find no abuse of discretion requiring reversal.
Wife has requested that this court award her an attorney's fee in the amount of $7,213. This court awards, in the proper case, only attorney's fees reasonably due a party for use of an attorney's service on appeal. Any award for services in the trial court must be determined by that court. See, e.g.,Chandler v. Chandler, 501 So.2d 1234 (Ala.Civ.App. 1987). For services of her attorney on appeal, the wife is awarded the sum of $1,000.
The decree of the trial court is affirmed. The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.