RUSSELL, Judge.
After an ore tenus proceeding, the trial court divorced the parties and found that according to stipulation the parties had divided all property and debts. It set out provisions for child maintenance and support and awarded the wife $12,000 as alimony in gross “for her support and maintenance.” The *736 husband appeals, contending that the trial court erred in awarding the alimony in gross. We affirm.
At the outset we note that, after an ore tenus proceeding, the judgment of the trial court is presumed correct and will be set aside only when it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Also, the grant of alimony is a matter which rests in the sound discretion of the trial court, and its judgment will be reversed only upon a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The record indicates that the parties were manned on September 6, 1969, and have two children, who were ages fifteen and seventeen at the time of the hearing. They live with the wife. The wife’s boyfriend also lives with her. At the time of the hearing the wife was in her second year as a counselor in the public school system. She is not tenured and testified regarding her concern that she will lose her job because of proration of the educational budget. She requested both child support and alimony in gross.
The husband retired from the military in January 1990 and receives $1,418 per month in military retirement benefits. He completed the requirements for a bachelor of science degree in business administration in 1991. He hopes to attend school in pursuit of a master’s degree in business administration and will receive an additional $571 per month while attending school. He expects his employment prospects to be “substantial” when he has received that degree. The husband is not otherwise employed, but testified that he had looked unsuccessfully for employment in a town in Georgia, where he lives with his parents. He found nothing there in his specialty in the military background. He testified that prospects would be much better at the Redstone Arsenal.
The husband contends that the trial court erred in awarding $12,000 in alimony in gross without any evidence of an asset from which he could pay the award. He states that he will have to borrow money to pay support, for which the wife would not be eligible pursuant to § 30-2-55, Ala.Code 1975, because of her cohabitation with another man. He also cites case law to the effect that alimony in gross is intended as a property division that is based on the value of the wife’s interest in the husband’s estate at the time of the divorce.
However, we note that the purpose of an award of alimony in gross is to effect a final termination of the property rights of the parties and is also an approximate appraisal of the present value of the wife’s future support. Rogers v. Rogers, 473 So.2d 537 (Ala.Civ.App.1985).
There is no mathematical formula for determining the amount of alimony in gross, and the facts of each case must be considered. Tims v. Tims, 519 So.2d 558 (Ala.Civ.App.1987). Factors to be considered by the court include the length of the marriage and the parties’ future prospects. Id.
The award of alimony is a matter that is within the discretion of the trial court, and the exercise of that discretion will not be set aside absent gross abuse of that discretion. Cliett v. Cliett, 564 So.2d 997 (Ala.Civ.App.1990); Rogers, 473 So.2d 537. In applying this presumption to the evidence and considering the length of the marriage and the husband’s future earning prospects, we cannot find that the trial court abused its discretion in the award of alimony in gross. This case is due to be affirmed.
The wife requests an attorney’s fee for representation on appeal. The request is granted in the amount of $600.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.