RUSSELL, Judge.
After an ore tenus proceeding, the trial court entered a judgment divorcing the parties. The husband was ordered to pay $800 per month alimony to the wife for three years and $500 per month for the support and college education of the youngest child. The wife appeals, contending that the trial court erred in failing to award permanent periodic alimony or to reserve the right to award alimony in the future. We affirm in part, reverse in part, and remand.
When the trial court’s judgment follows the presentation of evidence ore ten-us, a presumption of correctness automatically attaches to the judgment. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Further, the award of alimony is a matter within the discretion of the trial court, and its determination may be set aside only when that discretion is abused. Cliett v. Cliett, 564 So.2d 997 (Ala.Civ.App.1990). However, the trial court’s judgment is subject to review and revision by this court. Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991).
The factors to be considered when awarding alimony include the earning capacity and the future prospects of the parties, their ages and health, the duration of the marriage, the standard of living during the marriage, and the conduct of the parties. Id.
The record reveals that the parties were married for approximately twenty-seven years and that three children were born of the marriage, one of whom was a minor at the time of the filing of the complaint for divorce. The parties separated in 1988, and the husband began living with another woman. He voluntarily paid support to the wife during the separation, twice reducing the amount of support prior to the wife’s filing for divorce in August 1991. The divorce was granted “for and on account of adultery.”
The wife, who was forty-eight years old at the time of the hearing, suffers from hardening of the arteries and in 1987, and again in 1988, underwent renal bypass surgery. The husband did not indicate that he has any health problems.
The wife worked early in the marriage, while the husband obtained a college degree. She also worked at other times dur *689 ing the marriage; however, her major responsibilities involved raising the children and keeping the home. The husband has worked to support the family throughout the marriage, and the family moved a number of times during job changes. The husband earned $57,800 in 1991, and the wife earns $183.75 a week, or $9,555 annually. She also is attending a junior college and hopes to be able to improve her employment situation in the future.
The husband purchased a business in which he had been employed; however, the venture was unsuccessful, and the business bankrupted. Possibly as a result of the unsuccessful venture, there were no assets of the marriage to be divided.
The wife claims that, in view of the factors to be considered in awarding alimony, the trial court abused its discretion in not awarding permanent alimony, or at least in not reserving the right to award alimony in the future. The monthly amount of alimony is not challenged by either party.
Although the judgment may not be what we might have rendered, considering the trial court’s discretion in the award of alimony, we are unable to find that it abused its discretion in awarding alimony for three years. However, considering the length of the marriage, the demonstrated earning capacity of each party and the uncertainty of the wife’s future earning ability, the lack of assets, the health of the wife, and the parties’ conduct, we find that the trial court erred in not reserving the right to award periodic alimony in the future should the wife be unable to improve her employment situation or should her health deteriorate. We reverse on this ground.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
The wife’s request for an attorney’s fee for representation on appeal is granted in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.