We granted the petition of Frederick W.P. Reuter, Jr., for certiorari review of the judgment of the Court of Civil Appeals in Reuter v. Reuter, 623 So.2d 735 (Ala.Civ.App. 1992). We affirm.
Frederick Reuter, Jr., and Gloria G. Reuter were married on September 6, 1969, and they divorced on May 6, 1991. On May 1, 1991, the parties stipulated as to the disposition of the marital home and as to the division of personal property and marital debts. After a hearing, the trial court, on May 6, 1991, entered a judgment in accordance with the stipulations. Mr. Reuter was ordered to pay child support in the amount of $416 per month and to pay $12,000 alimony in gross for Mrs. Reuter's support and maintenance.
The Court of Civil Appeals affirmed; we granted certiorari review to consider what appears to be an inconsistency, with respect to the treatment of alimony in gross, between two decisions of the Court of Civil Appeals: Hartsfield v.Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert. denied,384 So.2d 1100 (Ala. 1980), and Rogers v. Rogers, 473 So.2d 537
(Ala.Civ.App. 1985).
In Hartsfield, the Court of Appeals stated, with respect to alimony in gross:
 "We thus follow the well established law in Alabama that awards of alimony in gross, like property settlements, are nonmodifiable because based not on the future earning capacity of the husband, but upon the present value of his estate, not being intended to provide for the wife's future support, but to compensate her for the loss of the present value of her inchoate marital rights. See, Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974)."
384 So.2d at 1098-99.
In Rogers, the Court of Appeals stated:
 "An award of alimony in gross is intended to effect a final termination of the property rights of the parties, and is an approximate appraisal of the present value of the wife's future support. It also is an attempt to compensate the wife for the loss of inchoate property rights in her husband's estate. McCrary v. McCrary, 448 So.2d 371
(Ala.Civ.App. 1984)."
473 So.2d at 538. See also Sketo v. Sketo, 608 So.2d 759, 760
(Ala.Civ.App. 1992).
This Court stated in Hager v. Hager, 293 Ala. 47, 52,299 So.2d 743, 747 (1974), with respect to alimony in gross:
 " 'But, on principle, there is no escape from the conclusion that a decree for alimony in gross, if without reservation [of control], becomes a vested right from the date of its rendition and survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination of the property rights and relations *Page 738 
of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate, given to her by statute in case of her survival.' "
(Quoting Smith v. Rogers, 215 Ala. 581, 112 So. 190 (1927)). See also Shirley v. Shirley, 600 So.2d 284
(Ala.Civ.App. 1992).
To the extent that Hartsfield v. Hartsfield, supra, is inconsistent with this Court's ruling on alimony in gross inSmith and Hager, supra, it is overruled.
We further note:
 "[W]here ore tenus evidence is presented to the trial court in a nonjury case, a judgment based on that evidence is presumed to be correct and will not be disturbed on appeal unless a consideration of the evidence and all reasonable inferences therefrom reveals that the judgment is plainly and palpably erroneous or manifestly unjust."
Arzonico v. Wells, 589 So.2d 152 (Ala. 1991). We have considered the record in this case and we have determined that there was no error in the trial court's judgment and award of alimony in gross.
For the foregoing reasons, we affirm the judgment of the Court of Civil Appeals. We also award Mrs. Reuter an attorney fee in the amount of $500 in this certiorari proceeding.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.