ROBERTSON, Presiding Judge.
On March 9, 1993, Bettye Brooks Schado filed a eomplaint in the Dale County Circuit Court, seeking a divorce from Patrick Arthur Schado. She requested, among other things, alimony and an equitable property division. On March 15, 1993, the husband filed an *1170 answer and a counterclaim, also seeking, among other things, a divorce and an equitable property division.
Following an ore tenus proceeding, the trial court entered a divorce judgment on February 4, 1994. Among other things, the trial court denied the wife’s request for alimony. Also, the trial court divided the assets in certain accounts held by the parties, ratified and confirmed an agreement between the parties as to the majority of the parties’ personal property, and divided the remaining items of personal property. However, in accordance with then-applicable law, the trial court did not award the wife any portion of the husband’s military retirement benefits, nor did it require the husband to name the wife as the beneficiary of a survivor’s annuity through his Survivors Benefit Plan, which would have provided her, upon his death, with payments equalling one half of his monthly military retirement benefits for the rest of her life.
On March 2, 1994, the wife filed a post-judgment motion, challenging the trial court’s denial of her request for alimony; requesting that the trial court consider the husband’s' military retirement benefits as property of the marriage pursuant to Ex parte Vaughn, 634 So.2d 533 (Ala.1993), which our supreme court had decided on August 27, 1993; and challenging the trial court’s failure to order the husband to provide her with a survivor’s annuity through his Survivor’s Benefit Plan. On March 8, 1994, the trial court denied the wife’s motion.
The wife appeals, raising three issues: (1) Whether the trial court erred in denying her permanent and periodic alimony; (2) Whether the trial court erred in failing to award her a portion of the husband’s military retirement benefits as alimony in gross; and (3) Whether the trial court erred in fading to require the husband to name the wife as beneficiary of his Survivors Benefit Plan as alimony in gross.
Initially, we note that a trial court’s determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). On appeal, issues of alimony and property division must be considered together, and the trial court’s judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id. Some factors that the trial court should consider in dividing marital property and setting alimony payments include “(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce.” Echols v. Echols, 459 So.2d 910, 911-12 (Ala.Civ.App.1984). The division of property in a divorce proceeding need not be equal, but must be equitable. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985).
wife first contends that the trial court erred in denying her permanent and periodic alimony. The record reveals that, at the time of the ore tenus proceeding, the parties had been married for 13 years. The parties were both 42 years old. The wife testified that she was scheduled for an eye surgery and that she had “a tooth that need[ed] attention,” but she described no health' problem of an ongoing, debilitating nature. The husband reported no health problems.
The wife testified that she was a licensed dental hygienist with over a decade of experience in private practice and with the federal government. However, she stated that she had not worked since 1985, when her husband had been selected as an Army troop commander at Fort Bragg, North Carolina. She testified that she had quit work to fulfill her duties as a troop commander’s wife. She described these duties as being very demanding because of the many events that she was required to attend and participate in and because her conduct had the potential to affect her husband’s job. However, the husband testified that her duties as a troop commander’s wife did not require her to quit her job. Furthermore, the wife admitted that the husband’s command duties ceased after one year, but that she did not return to work at that time because “[m]y husband never approached me to return to work.” *1171 The husband testified that the parties had discussed the wife’s returning to work after his duties as troop commander had ceased, but that the wife had put forth little effort to apply for jobs.
The husband, a graduate of the United States Military Academy at West Point, was a helicopter pilot at Fort Rucker. His gross monthly income totalled $5,862.14. However, the husband testified that he was scheduled for mandatory retirement as of July 1, 1993, and that his salary was going to be reduced to $2,240 per month as of that date. The husband testified that he had sent applications for employment to seven businesses,' but that he had only one response of a positive nature, and that he had had no job offers at that time.
The wife testified that she could earn about $10 per horn- as a dental hygienist, but that there were no employment opportunities then available for a dental hygienist in the private sector in the Ozark area or with the federal government. However, she admitted that, regarding the private sector, she had checked with only one dentist in the Ozark area. She also admitted that she had not checked on the availability of private employment in any of the surrounding communities, even though she testified that she was considering a move.
The wife testified that there had been problems between her and the husband almost immediately after the marriage. She testified that within the first two or three months, the husband had suggested that they get a divorce. She further testified that the husband had continued to suggest that they should get a divorce “all through the marriage, every year or so.” She testified that she and the husband had remained married because she had wanted the marriage to work and had asked him not to divorce her. She admitted that he had remained with her and provided her support during those 13 years.
At the conclusion of the evidence, the trial judge made the following statement in open court: “As far as the property, Fm going to find that the wife is not entitled to alimony because of the length of the marriage and because of the reasons of the divorce. They saw it coming, both parties, and apparently tried to reconcile and were unsuccessful.” After a careful review of the evidence, we conclude that the trial court did not err in denying the wife permanent and periodic alimony. Parrish; Echols.
The wife also contends that the trial court erred in failing to award her a portion of the husband’s military retirement benefits and in failing to require the husband to name her as the beneficiary of one-half of the monthly payments from his military retirement benefits through his Survivors Benefit Plan, as alimony in gross. She correctly contends that Ex parte Vaughn, 634 So.2d 533 (Ala.1993), provides that “disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such.” 634 So.2d at 536. However, it is within the discretion of the trial court whether to award one spouse a portion of the military retirement benefits of the other spouse. See Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994) (wherein this court stated that the trial court had “discretionary authority to consider disposable military retirement benefits as divisible marital property” (emphasis added)). Likewise, it is within the discretion of the trial court whether to require one spouse to name the other spouse as the beneficiary of a survivor’s annuity provided in conjunction with military retirement benefits. See Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App.1994) (wherein this court stated that “under the new rule in Ex parte Vaughn, it is permissible for a trial court to order one spouse to provide the other spouse with a survivor’s annuity-[T]he trial court could have, in its discretion, made such an award of retirement benefits” (citation omitted; emphasis added)).
The wife’s post-judgment motion notified the trial court of the new rule regarding the divisibility of military retirement benefits announced in Ex parte Vaughn. The trial court had the opportunity to review its judgment in fight of Ex parte Vaughn, and, exercising its discretionary authority, it denied the wife’s motion. Cf. Welch, supra. Therefore, we conclude that the trial court did not *1172 err in failing either to award the wife a portion of the husband’s military retirement benefits or to require the husband to name the wife as the beneficiary of a survivor’s annuity through the Survivors Benefit Plan accompanying his military retirement benefits, as alimony in gross.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
Both parties’ requests for an attorney fee on appeal are denied.
AFFIRMED.
THIGPEN, J., concurs.
YATES, J., concurs in part and dissents in part.