After 19 years of marriage, the husband sued for a divorce, alleging incompatibility. The wife answered and counterclaimed, alleging that the husband was guilty of marital misconduct. Each party sought custody of the two children born of the marriage — daughters who, at the time of trial, were 13 and 16 years old.
Following ore tenus proceedings, the trial court divorced the parties, divided the marital property, and provided for child custody, support, and visitation. The court awarded each party the custody of one of the children; the wife was given custody of the younger daughter, and the husband was given custody of the older daughter. The court ordered the husband to pay the wife $340 per month in child support for the younger daughter, and it ordered the wife to pay the husband $85 per month in child support for the older daughter.
The court awarded each party one-half of the funds on deposit in the name of either party in any financial institution. It awarded the husband one of the parties' two automobiles, a camper, a television, a CD player, a VCR, his tools, and his personal effects. The court awarded the wife the other automobile, her personal effects, and all household goods, furniture, and furnishings not specifically awarded to the husband. The trial court awarded the wife alimony of $400 per month for four years and ordered the husband to pay $4,000 toward the wife's attorney fee.
On appeal, the wife contends that the trial court abused its discretion by failing to award her a portion of the husband's military retirement pay and by failing to award her, or to reserve jurisdiction to award her, periodic alimony. She also claims that the trial court erred by failing to comply with Rule 32, Ala.R.Jud.Admin., in computing child support.
The husband, who was 47 years old at the time of trial, is a retired lieutenant colonel in the United States Army. His military retirement pay is $2,375 per month. He has a bachelor of science degree in business accounting. He also has a commercial pilot's license and is currently employed by Flagship Airlines with a monthly salary of $1,500.
The wife, who was 39 years old at the time of trial, has taken several college courses but does not have a degree. During the marriage, she worked sporadically as a substitute teacher or as a clerical aide. Her parents live in Texas, and she has a Texas real estate license. She has not worked outside the home since 1988. At trial, she testified that she was unemployed and that her parents were providing a majority of her support.
In her counterclaim for divorce, the wife alleged that the husband had engaged in marital misconduct, including adultery, physical abuse, and habitual drunkenness. The husband denied the allegations of adultery and drunkenness. He admitted that the wife had sustained physical injuries as the result of confrontations with him, but he maintained that in each of those confrontations, the wife had been the aggressor and had threatened him with a knife or a gun. The husband claimed that, on those occasions, he had injured the wife when he attempted to shove her away from him or to remove weapons from her. The testimony of the parties' children tended to support the husband's version of the incidents.
The ore tenus rule requires that we accord the trial court's judgment a presumption of correctness; that presumption is based, in part, on the trial court's unique ability to observe the parties and witnesses firsthand and to judge their credibility. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). The issues raised by the wife with respect to the property division and periodic alimony are matters that lie within the sound discretion of the trial court, and that court's judgment will not be disturbed on appeal unless there has been a palpable abuse of discretion. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987).
On appeal, issues of alimony and property division must be considered together. The trial court's judgment will not be set aside absent a finding that it is so unsupported by the evidence as to amount to an abuse of discretion. Parrish v.Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). In dividing the *Page 1063 
marital property and awarding alimony, the trial court should consider the following factors:
 "(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, . . ., health, and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce."
Echols v. Echols, 459 So.2d 910, 911-12 (Ala.Civ.App. 1984).
 Military Retirement Pay
In Ex parte Vaughn, 634 So.2d 533, 536 (Ala. 1993), our supreme court held that "disposable military retirement benefits . . . accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." This court has observed that "under the new rule in Ex parte Vaughn, it is permissible for a trial court to order one spouse to provide the other with a survivor's annuity. . . . [T]he trial court could have, in itsdiscretion, made such an award of retirement benefits." Fowlerv. Fowler, 636 So.2d 433, 437 (Ala.Civ.App. 1994) (quoted inSchado v. Schado, 648 So.2d 1169, 1171 (Ala.Civ.App. 1994) (citation omitted) (emphasis added by the court in Schado).
The wife is relatively young. There was no evidence presented at trial that she was not in good health. She was awarded alimony totalling $19,200 for four years — a period, we note, that is long enough to obtain a college degree or to pursue vocational training. There was evidence that, if believed by the trial court, indicated that the wife had initiated many of the violent confrontations between the parties. Under the circumstances, we find no plain and palpable abuse of the court's discretion in failing to award the wife a portion of the husband's military retirement pay.
 Periodic Alimony
The wife argues that the trial court abused its discretion by failing to award her periodic alimony or to reserve the right to make such an award in the future. She assumes, as the husband does, that the following provision in the divorce judgment constitutes an award of alimony in gross, rather than an award of periodic alimony:
"11. ALIMONY.
 That [the husband] shall pay alimony to [the wife] in the amount of Four Hundred ($400.00) Dollars per month, with the first payment of alimony beginning during June of 1995. Said alimony payments are to continue monthly thereafter for a period of four years from the date on which the first alimony payment is in fact made."
In order to constitute alimony in gross, the award must satisfy two requirements: the time and amount of payment must be certain, and the right to alimony must be vested. Trammell v.Trammell, 523 So.2d 437 (Ala.Civ.App. 1988). An award of alimony in gross has the effect of a final judgment; without reservation of control by the trial court, it is not modifiable. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). The intent to award alimony in gross should be unequivocally expressed or necessarily inferred from the language used.Trammell, supra. However, "the failure to label a provision of a decree as alimony in gross will not defeat a provision which in substance provides for alimony in gross. The designation of a provision as alimony in gross should be present, but it is not mandatory." P. Davis and R. McCurley, Alabama Divorce,Alimony Child Custody Hornbook § 18-6 at 206 (3d ed. 1993). Periodic alimony, on the other hand, is an allowance for future support and maintenance and is modifiable upon a showing of a material change in circumstances. Griffin v. Griffin,479 So.2d 1283 (Ala.Civ.App. 1985).
Because both parties assume that the alimony award in this case constitutes alimony in gross, we accept that characterization. We note, however, that paragraph 11 of the divorce judgment could also be construed as an award of rehabilitative periodic alimony. In Oliver v. Oliver,431 So.2d 1271 (Ala.Civ.App. 1983), this court observed:
 "The late Justice Bloodworth examined the legal and factual distinctions between periodic alimony and alimony in gross in the case of Hager v. Hager, 293 Ala. 47, 299 So.2d 743, aff'd, 53 Ala. App. 740, 299 So.2d 751 (1974). This court has since looked to *Page 1064 
that decision for guidance. The court therein said:
 " ' "Alimony in gross" is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce. . . . On the other hand, "periodic alimony" is an allowance for the future support of the wife payable from the current earnings of the husband.' "
431 So.2d at 1275 (footnote omitted). It appears that the trial court here, as in Treusdell v. Treusdell, 671 So.2d 699, 704
(Ala.Civ.App. 1995), "may have been granting the wife a form of rehabilitative alimony to allow her time to adjust and to allow . . . her to pursue a career." We note that if the award were construed to be periodic alimony, then the trial court could, in its discretion, modify the award "anytime prior to the date of its termination." See Beckwith v. Beckwith,475 So.2d 575, 577 (Ala.Civ.App. 1985).
If, as the parties assume, paragraph 11 provides for alimony in gross, then we conclude that the judgment should be reversed and the cause remanded for the trial court to reserve the right to award periodic alimony in the future. See Austin v. Austin,678 So.2d 1129 (Ala.Civ.App. 1996); Duckett v. Duckett,669 So.2d 195 (Ala.Civ.App. 1995); Shelton v. Shelton,595 So.2d 900 (Ala.Civ.App. 1992). In light of the length of the parties' marriage, the disparity in their educational levels and job experience, the wife's current unemployment and economic dependence upon her parents, and the unlikelihood that the wife's earning ability will rise above minimum wage any time in the near future, we think the trial court abused its discretion by failing at least to reserve the right to award periodic alimony at a later date. See Stranyak v. Stranyak,617 So.2d 687 (Ala.Civ.App. 1992).
 Rule 32 Child Support Guidelines
The wife asserts that the record does not reflect compliance with Rule 32(E), Ala.R.Jud.Admin., because it does not contain the required "Child Support Obligation Income Statements/Affidavits" from the parties (Form CS-41), and because the husband improperly listed his net, rather than his gross, income on the Child Support Guidelines Form (Form CS-42).
The trial court recognized those deficiencies in its child support order. The court's judgment recites:
 "Having considered the incomes of [the husband] and having imputed a minimum wage income to [the wife], and other pertinent considerations, this child support 'order' was determined by application of Rule 32, A.R.J.A. (Note, however that the information provided by the parties on the Rule 32 forms were not proper nor that required by law to be used. Instead the Court took the testimony and other evidence presented at trial and used the appropriate information for computing child support payable.) Neither party ever filed an accurate Form CS-41 or 42. The court utilized GROSS rather than NET incomes of the parties in computing child support payable. Also, the above child support order is conditioned on each parent maintaining custody of a child of the parties."
(Emphasis in original.)
In Martin v. Martin, 637 So.2d 901 (Ala.Civ.App. 1994), this court announced its policy of remanding for further proceedings those cases in which the record does not reflect compliance with Rule 32(E). In this case, the noncompliance with Rule 32(E) amounts to harmless error because the trial court relied on accurate information in computing the amount of child support. Nevertheless, we believe that it is in the best interest of all parties concerned to have accurate CS-41 and CS-42 forms included in the record and preserved for future reference in the event of a later modification proceeding. On remand, we instruct the trial court to order the husband to submit accurate CS-41 and CS-42 forms.
The husband's request for an attorney fee on appeal is denied. The judgment of the circuit court is affirmed in part, reversed in part, and remanded to the trial court with instructions to order compliance with Rule 32(E) and to reserve the right to award periodic alimony in the future. *Page 1065 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur in the result.