MURDOCK, Judge.
On February 28, 2000, Beverly Ann Sto-necipher (“the wife”) filed a petition in the Circuit Court of Colbert County, seeking a divorce from Ronnie Keith Stonecipher (“the husband”), custody of the parties’ three minor children (the parties’ oldest child had already reached the age of majority), child support, alimony, an equitable division of the real and personal property of the parties and the debts incurred by the parties during the marriage, and attorney fees and costs. The wife also requested that she be awarded child support and alimony pendente lite. The Colbert County Circuit Court entered a pretrial order providing, among other things, that the husband pay child support in the amount established upon application of the Child Support Guidelines, Rule 32(E), Ala. R. Jud. Admin., and that if such payments were not made, the divorce judgment would order back support to the date of the filing of the petition for divorce. That order also directed the parties to file, among other things, child-support guidelines forms (Form CS-42). The wife thereafter filed a CS-42 child-support guidelines form indicating that the parties’ basic child-support obligation amounted to $1,282 (i.e., the amount provided in the schedule of basic child-support obligations for two children (the parties’ second oldest child having also reached the age of majority) based upon the parties’ combined monthly income of $6,875.84), and that the husband’s monthly child-support obligation to the wife based upon that basic child-support obligation should be $882.65.
The husband moved to dismiss the wife’s petition on the ground that venue in Colbert County was improper, alleging that both he and the wife were residents of Lauderdale County, that the parties had been married in Lauderdale County, and that the marital residence was located in Lauderdale County. The wife filed a motion requesting that the Colbert County Court find the husband in contempt for his willful failure to pay child support in accordance with the Rule 32 child-support guidelines and the court’s March 6 pretrial order and that the husband be ordered to pay the wife’s attorney fees in connection with the filing of the motion for contempt. Thereafter, the wife filed a motion to transfer the case to. the Lauderdale Circuit Court, which was granted.
After the case was transferred, the husband answered the wife’s complaint and counterclaimed for a divorce, requesting custody of the parties’ minor children. The wife denied the material allegations of the husband’s counterclaim and filed a revised CS-42 Form indicating that the parties’ basic child-support obligation was $820, i.e., the amount provided in the Rule 32 child-support obligations schedule for one child based upon a combined monthly income of $6,820.37, and that the husband’s monthly child-support obligation should be $568.49. After an ore tenus proceeding, the trial court entered a judgment that, among other things, awarded custody of the parties’ youngest child to the wife; directed the husband to pay $568.49 per month as child support to the wife beginning in June 2000; determined that the *71 husband was seven months in arrears in paying child-support pendente lite, and calculated his arrearage based upon three months at $882.65 and four months at $568.49, for a total of $4,921.91; awarded the husband all interest in the marital home and allocated to the husband all debts secured by the property; and directed the husband to pay the wife $12,000, representing “her portion” of the parties’ equity in the home. The trial court did not award periodic alimony, although it reserved jurisdiction to do so in the future. After the denial of his postjudgment motion, the husband appealed to this court.
The husband contends that the trial court erred in directing him to pay an arrearage amount based upon “erroneous initial [child-support] forms filed in Colbert County.” The trial court appears to have determined that the husband’s duty to pay child support began in March 2000, when the Colbert County pendente lite order was entered, and that the husband had made no creditable child-support payments to the wife during the pendency of the parties’ litigation.[1] However, in calculating the arrearage amount of $4,921.91, the trial court determined that the husband was due to pay three months of pendente lite support based upon the figures in the wife’s initial CS-42 Form (which was calculated based upon two minor children) and four months of pendente lite support based upon the figures in her revised CS-42 Form (which was calculated based upon one minor child).
The record reveals that at the time the wife filed her initial CS-42 form, two of the parties’ four children had reached the age of majority, leaving the parties with two minor children — one born in April 1982 and one born in June . 1991. The wife’s initial CS-42 Form is based upon the premise that both minor children were in her physical custody, and that she should receive support from the husband based upon her having two minor children in her custody. (The wife’s subsequent CS-42 Form is based upon there being only one minor child in her custody).
The evidence at trial, however, indicated that the older child had remained in the custody of the husband throughout the parties’ litigation. Thus, because the wife never had physical custody of both minor children during the parties’ litigation, the trial court’s arrearage calculation for the initial three-month period, which was based upon the figures stated in the wife’s initial CS 42 Form for two children, is inconsistent with Rule 32(b)(9), Ala. R. Jud. Admin., which addresses the calculation of support payments where each parent has primary physical custody of one or more minor children, and the calculation, therefore, is plainly and palpably wrong.[2] Thus, as to the issue of the husband’s child-support arrearage, we reverse the judgment of the trial court and remand the cause for that court to recalculate the husband’s arrearage consistent with Rule 32, Ala. R. Jud. Admin.
*72 The husband further contends that the trial court erred in directing the husband to pay $12,000 to the wife, “which represents her portion of the present value of the equity” in the marital home. He argues that the highest possible amount of the parties’ total equity in the marital home that is supportable by the evidence is $20,000, despite the wife’s testimony to the parties’ having as much as $25,000 equity. The husband insists, without citation of authority, that such an award amounts to plain and palpable error.
“The division of property in a divorce proceeding need not be equal, but must be equitable,” and should include consideration of, among other things, the earning ability of the parties; their probable future prospects; the duration of the parties’ marriage; their conduct with respect to the cause of the divorce; and the parties’ health, ages, sexes, and stations in life. Schado v. Schado, 648 So.2d 1169, 1170 (Ala.Civ.App.1994). In this case, where the parties were married for 23 years, the wife had not completed college, the wife had been employed most of her adult life in a sewing factory and had earned a fraction of the husband’s income, and the husband was not directed to pay periodic alimony,[3] we cannot conclude that the trial court’s award of $12,000 in home equity to the wife amounted to an abuse of its discretion, regardless of whether the total equity in the home amounted to $20,000 or $25,000.
The final issue raised on appeal by the husband is whether the trial court should have denied his postjudgment motion without a hearing. The record does not reveal that the husband requested a hearing on his motion; therefore, the trial court did not err in failing to conduct a hearing thereon. Geisenhoff v. Geisenhoff 693 So.2d 489, 492 (Ala.Civ.App.1997).
Based upon the foregoing facts and authorities, the trial court’s judgment is affirmed except as to its arrearage calculation; as to that issue only, the judgment is reversed, and the cause is remanded.
The appellant’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. While the record reflects that the wife received payments totaling $2,689 from the husband during the pendency of the parties’ litigation, it is unclear whether these payments were intended as child support. Moreover, the husband does not argue on appeal that he is entitled to a credit against his child-support arrearage based upon those payments. We therefore do not address whether the trial court's denial of a credit to the husband amounts to reversible error. See Phillippi v. State ex rel. Burke, 589 So.2d 1303, 1304 (Ala.Civ.App.1991) (award or denial of credits against an arrearage is within the trial court's sound discretion).

. In her brief on appeal, the wife concedes that the trial court erred in this respect, and states that the amount of child-support ar-rearage is due to be corrected. This court appreciates such candor.

. "On appeal, issues of alimony and property division must be considered together, and the trial court’s judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion.” Schado, 648 So.2d at 1170.