EDWARD N. SCRUGGS, Retired Circuit Judge.
In this divorce case the issue is whether the trial court’s award of periodic alimony and division of property was so palpably wrong as to constitute an abuse of discretion.
The wife was given the residence of the parties and two adjoining lots with a total value of about $40,000 subject to a mortgage of $31,000 which the wife was required to pay. She also received the furniture and home furnishings. The husband was awarded a river lot worth about $8,000, two lake lots valued at between $11,000 and $20,000 and an automobile, boat and motor.
As periodic alimony, the husband was ordered to pay $400 per month commencing in November 1983, however, that amount was to be reduced automatically to $200 monthly when the wife became eligible to draw social security benefits in March 1984. Both parties are unemployed. The husband receives disability benefits from his former employer of $499 monthly together with $450 each month from the Social Security Administration. In two years the husband will be eligible for retirement benefits from his former employer.
Since the evidence was heard orally by the circuit court, the final judgment is presumed to be factually correct and must be affirmed if it was supported by credible evidence unless it was palpably wrong. Further, the trial court is granted much latitude in exercising its discretion in the award and amount of periodic alimony as well as in making an equitable division of the property of the parties and we cannot disturb the decision of the trial court as to those matters unless that discretion was clearly abused. Kaiser v. Kaiser, 434 *138 So.2d 264 (Ala.Civ.App.1983); Casey v. Casey, 421 So.2d 128 (Ala.Civ.App.1982).
The division of property favored the husband. The real estate awarded to him was worth between $19,000 and $28,000, while the house and two lots granted to the wife had a net value of only about $9,000. The $400 per month of periodic alimony lasted but five months and was reduced in March 1984 by the terms of the divorce judgment to $200 monthly. His present total monthly disability income amounts to $949.
The trial court did not abuse its judicial discretion regarding any argued issue. According to the statement of the evidence as settled and approved by the trial court pursuant to rule 10(d), Alabama Rules of Appellate Procedure, the holdings of the trial court were fully supported by the testimony. The judgment was reasonable and was not palpably wrong.
We affirm;
The wife has requested an attorney’s fee upon this appeal. The defendant shall pay the amount of $350 for that purpose.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.