The issues in this divorce appeal are whether the trial court abused its discretion in making the property division and in failing to award to the wife either periodic alimony or alimony in gross. We affirm.
After viewing the record pursuant to the attendant presumptions which are accorded to the decision of the trial court, the following relevant facts are revealed.
The husband is fifty-two years of age and the wife is fifty-one. They were married in May 1956. The husband entered military service in 1954 and retired in 1984 as a warrant officer. The wife is in good health. The husband was a helicopter pilot in Viet Nam and was injured and permanently disabled in 1968 by mortar fire during the Tet Offensive. As a result of that disability he lost his flight status. He presently draws $310 monthly from the Veterans Administration for his forty percent service-connected disability. His retirement income is $1,725 monthly. The disability check is deducted from his retirement check.
Both of the children of the parties are now adults but the son is physically disabled and draws S.S.I. of $225 per month.
The husband has unsuccessfully sought employment since his retirement. The wife lost her delivery job for a florist because her driver's license was revoked for ninety days for a DUI conviction. When her license is restored, she will seek and obtain employment.
In 1983 the wife inherited from her mother $72,000 plus two lots in Indiana and a 1978 Mercury automobile. She used $25,000 therefrom for a down payment upon their marital home which they purchased in May 1985 for $65,000. The deed thereto was to the parties jointly. Since then the wife has paid for some improvements. The husband testified that it is now worth about $80,000. Extra amounts have been paid upon the house mortgage to the extent that, in less than two years, they actually paid the equivalent of twelve years' payments upon it.
In 1967 the parties purchased a house in Mississippi for $18,000. The monthly mortgage payments are $185 and it rents for $235 per month.
The husband itemized their personal and household property and estimated that it was worth about $15,711. He listed the items therefrom that he wanted to be awarded to him at a value of $5,159.
As far as property was concerned, the wife testified that she wanted the marital home, the Merrill Lynch accounts, one of their two time-sharing condominiums, and the two lots in Indiana which she inherited. She did not present any evidence as to her living expenses, although she desired alimony.
After hearing both parties testify, the trial court rendered a divorce, granted custody of their physically disabled adult son to the wife, and ordered the husband to pay $250 per month to his wife for that son's benefit. A 1979 Buick automobile was granted to the husband. The 1978 Mercury went to the wife. The husband was awarded the personal and household property which was upon his list as being desired by him, and the wife received the remainder thereof. The wife was awarded her IRA account, the Merrill Lynch accounts, and certain credit union accounts. The husband received his IRA account, a credit union account, a bank account, and United States bonds. The real estate was divided as follows: the wife received the marital home, the Indiana lots, and one time-sharing condominium, while the husband was granted the Mississippi home and the other time-sharing condominium. The trial court further ascertained that the son and wife are entitled to receive medical and dental care as military dependents and that the wife is entitled to 10 U.S.C. § 1408 benefits and to commissary and post exchange privileges. No alimony was awarded to the wife. After her motion for a *Page 60 
rehearing was overruled by operation of law, the wife timely appealed.
Where the trial court heard the testimony, its judgment is presumed to be correct on appeal and cannot be altered unless it was so unsupported by legal evidence that it was palpably wrong. Further, the trial court has to exercise its discretion in determining whether to award alimony, either periodic or in gross, and in dividing the property. The trial court's decision as to these issues will not be revised on appeal in the absence of a plain and palpable abuse of discretion. Kyser v. Kyser,456 So.2d 816 (Ala.Civ.App. 1984); Stricklin v. Stricklin,456 So.2d 809 (Ala.Civ.App. 1984). A division of property in a divorce case is not required to be equal but it must be equitable according to the nature of the case. The periodic alimony, alimony in gross, and property division issues are interrelated and we must consider the trial court's judgment in its entirety in determining whether the trial court abused its discretion as to any of those particular issues.Giles v. Giles, 512 So.2d 1380 (Ala.Civ.App. 1987).
In his brief, the husband's counsel included the following, which we have thoroughly reviewed and which we find to be totally supported by the evidence:
 ASSET DIVISION BY TRIAL COURT TO TOASSET WIFE HUSBAND
Fixed (Not readily negotiable) Assets
1978 Mercury Automobile $ 2,100.00 1979 Buick Automobile $ 1,800.00 Personal Household Property 10,552.00 5,159.00 Marital Residence (Equity) 40,000.00 Sea Breeze Resort Condo (1 ea) 4,700.00 4,700.00 Lots in Indiana 2,000.00 Rental House in MS (Equity) 13,000.00 ---------- ---------- Fixed Asset Totals $59,352.00 $24,659.00
Cash and Negotiable Assets
Bank Accounts IRA's in Wife's name alone $60,251.00 Merrill Lynch Joint Accts (3) 23,655.00 IRA in Husband's Name Alone $ 5,200.00 Joint Bank Accounts (4) 15,910.00 Bonds 7,200.00 ---------- ---------- Negotiable Asset Totals $83,906.00 $28,310.00 Total Assets Allocated $143,258.00 $52,969.00
Thus, the wife received seventy-three percent of their total assets. However, she argues that she received only those assets which she inherited. As far as the record reveals, that inheritance consisted of $72,000 plus the Indiana lots worth $2,000 and the 1978 Mercury car worth $2,100. From the $72,000, the down payment of $25,000 for the marital home was certainly used for the common benefit of the parties, who were joint owners of that property. Accordingly, the trial court could have considered the home as being jointly owned in deciding the property division and alimony problems. § 30-2-51, Code 1975.
If the $72,000 is reduced by the $25,000, the resulting $47,000 plus the value of the two lots and the car ($4,100) total $51,100. When the $51,100 is subtracted from the total assets of $196,227, the assets which can be considered relative to the issues amounted to $145,127, of which the husband received $52,696 (36%) and the wife $92,431 (64%). In short, she received therefrom almost $40,000 more than the husband.
There was a large disparity between the assets which were given to the wife and those which were awarded to the husband. That disparity could have been ordered by the trial court in lieu of any specific award of alimony in gross or periodic alimony.
The wife received much beyond what she testified that she wanted the trial court to award her. She has income-producing assets valued at almost $84,000. The wife's and son's medical and dental expenses will be provided by the military, and many of her purchases can be made at post exchanges and commissaries at some savings to her. The son's needs will be adequately met through his S.S.I. check and the husband's ordered support. The wife offered no evidence as to her living expenses.
After considering all of the evidence, this court cannot say that the trial court was plainly and palpably wrong or that it abused its discretion either in the property division or in disallowing alimony. The final judgment of the trial court is affirmed. *Page 61 
Both parties have requested attorneys' fees on appeal. The requests are denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.