ROBERT P. BRADLEY, Retired Appellate Judge.
The husband appeals from a divorce decree rendered by the Circuit Court of Baldwin County.
In September 1988 the husband filed for divorce after twenty-four years of marriage. The parties have three daughters: Kimberly, age twenty-two; Ginger, age nineteen; and Christie, age seventeen. Kimberly lives and works in Georgia, Ginger is a college student, and Christie is a junior in high school.
After ore tenus proceedings the trial court rendered its decree which awarded the wife, inter alia, $10,000 as alimony in gross, $1,250 per month for six years, and *945 $1,600 per month thereafter as periodic alimony. The wife was awarded possession of the marital home, but the home was to be sold and the proceeds divided if the wife should die, remarry, or move out. Certain other marital property was divided. The husband was awarded custody of Christie.
The husband contends on appeal that the trial court abused its discretion in the division of the marital property and in the alimony awards.
Where evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986).
Matters concerning the division of marital property and the awards of periodic alimony and alimony in gross are addressed to the sound discretion of the trial court and will not be reversed on appeal unless the property division or alimony awards are so unsupported by the evidence as to constitute a clear abuse of discretion. See, Moulton v. Moulton, 528 So.2d 337 (Ala.Civ.App.1988); Barnes v. Barnes, 521 So.2d 58 (Ala.Civ.App.1988).
The record evidence indicates the parties own a home in Fairhope, valued between $95,000 and $120,000, a time-share property in Hot Springs, Arkansas, and approximately twenty acres of land in Autauga County, which the wife’s father had transferred to the wife as a gift. The parties also own a business, “Bricks, Inc.,” which is engaged in supplying bricks to building contractors.
The evidence further shows that the wife has a high school diploma, approximately one year of business school, and has worked either as a secretary, a bookkeeper, or a retail salesperson. Since the creation of Bricks, Inc., she has assisted in its operation from time to time. After the parties’ separation she has been working approximately two days per week and earns $4.50 per hour. In 1987 the wife received approximately $14,000 in salary from Bricks, Inc.; however, since the parties’ separation she has not received any salary from Bricks, Inc.
The husband operates Bricks, Inc. full time and earns in excess of $5,000 per month. Bricks, Inc. also pays certain hunting club memberships, provides the husband with an automobile and with health and life insurance.
The accountant employed to keep the books for Bricks, Inc. testified extensively about the business’s financial condition: that the book value of Bricks, Inc. is approximately $70,000 and that accumulated retained earnings are approximately $156,-000. The husband testified that he believed the fair value of Bricks, Inc. to be approximately $250,000, but, if the husband died, then the value would be, essentially, the book value.
The testimony of numerous building contractors in the service area of Bricks, Inc. establishes that they transact business with Bricks, Inc. because of their relationship with the husband. Therefore, the value of Bricks, Inc. is to a large degree dependent upon the husband’s efforts and customers’ good will resulting therefrom.
The trial court’s decree ordered that the Arkansas property be sold and the proceeds divided equally after payment of the costs of sale. The wife has possession of the marital home until she dies, remarries, or moves out.
We have carefully reviewed the entire record and find no abuse of discretion by the trial court. It is not our function to reweigh the evidence or attempt to substitute our judgment for that of the trial court. Lewis v. Lewis, 494 So.2d 105 (Ala.Civ.App.1986).
We point out that the divorce decree is silent as to the respective ownership interests of each party in Bricks, Inc. When a divorce decree is granted which does not address certain property rights of the parties, each party retains the same right, title, claim, or interest which they held prior to the divorce. See, Hocutt v. Hocutt, 491 So.2d 247 (Ala.Civ.App.1986).
The wife has asked that damages for a “frivolous appeal,” authorized by Rule 38, Alabama Rules of Appellate Procedure, be *946 invoked against the-husband. Such matters are addressed to the sound discretion of the appellate court. We deny this request.
The wife’s request for an award of attorney’s fee for representation on appeal is granted in the amount of $500.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.