The parties were divorced in May 1992. The judgment of divorce contained the following pertinent paragraphs:
 "7. The respondent shall cooperate with the petitioner and sign all necessary papers for the refinancing of the real estate owned by the parties, which real estate is located in Foley, Alabama. The property shall be immediately placed on the market for sale, and shall be sold at fair market value to the first person that offers fair market value for said property, and once said property is sold, the parties shall pay off the mortgages against said property and pay off the costs of selling said property, and, if there is any equity received therefrom, the parties shall split the equity fifty/fifty. Until such time as said property is sold, the petitioner shall continue to manage the property and keep it up and until such time as it sells, the petitioner shall receive the tax write-offs generated by said property.
 "8. The husband shall pay to the wife the sum of FIVE HUNDRED ($500.00) DOLLARS per month in alimony for a total of thirty-six months, with the first payment being due and payable on the 1st day of May 1992."
In October 1992 the husband filed an affidavit, alleging that the wife had remarried. He averred that he was discontinuing payment of the alimony awarded the wife in paragraph 8 of the judgment set out above, under authority of § 30-2-55, Code 1975.
The wife then filed a petition for enforcement of the judgment, averring that the award in paragraph 8 was alimony in gross and was not modifiable under § 30-2-55.
The petition was submitted to the trial judge on briefs on the legal issue as to whether the award was alimony in gross or periodic alimony.
The court directed a brief evidentiary hearing pertaining to the agreement of the parties, from which the judgment was derived.
After hearing oral testimony, the court denied the petition for enforcement of paragraph 8. The former wife appeals.
The issue presented is whether paragraph 8 was an award of periodic alimony or of alimony in gross.
The distinction between alimony in gross and periodic alimony has been discussed by this court in many cases. Kilgore v.Kilgore, 572 So.2d 480 (Ala.Civ.App. 1990); Trammell v.Trammell, 523 So.2d 437 (Ala.Civ.App. 1988); Rogers v.Rogers, 473 So.2d 537 (Ala.Civ.App. 1985). The bellwether case of definition must be the supreme court case of Hager v.Hager, 293 Ala. 47, 299 So.2d 743 (1974). In short, that case defined "alimony in gross" as the present value of the wife's inchoate rights in the marital estate, dower, homestead, and distributive share. It is payable out of the husband's estate as it exists at the time of the divorce. "Periodic alimony" is an allowance for the future support of the wife, payable from the current earnings of the husband. Hager; Thompson v.Thompson, 282 Ala. 248, 210 So.2d 808 (1968).
It has been well established in our case law that an award of periodic alimony is modifiable, but that an award of alimony in gross, absent an express reservation of control, *Page 1015 
is not modifiable. Epps v. Epps, 218 Ala. 667, 120 So. 150
(1929); Hager; Trammell. It has also been held that the provision of § 30-2-55, as to modification upon the remarriage of the wife, applies only to an award of periodic alimony.Trammell; Hartsfield v. Hartsfield, 384 So.2d 1097
(Ala.Civ.App. 1980).
Because an award of alimony in gross cannot be modified, the intent to give such an award should be clearly expressed, or necessarily inferred, from the language used. Thompson;Hartsfield, The source of payment and its purpose are of prime importance. Hager; Thompson.
Applying these cited principles to the facts of this case, we perceive that, on its face, paragraph 8 of the divorce judgment does not clearly express or delineate that the award is alimony in gross. In fact, the language used is that commonly used in awarding periodic alimony. When read in pari materia with paragraph 7, it is readily seen that paragraph 7 comprises a property settlement and a division of interest in property.
The testimony taken by the trial judge is without dispute that the alimony award of paragraph 8 was to provide the wife an income until the property could be sold and proceeds disbursed and to take care of her for 36 months until she could secure support for herself. She managed to achieve that status promptly.
The provision for a termination date of the award does not make the award alimony in gross. Trammell; Barran v. Barran,431 So.2d 1278 (Ala.Civ.App. 1983).
In view of all the principles set out herein, we find no error in the judgment denying the petition of the wife for enforcement of the judgment after her remarriage. Section30-2-55 applies.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.