ROBERTSON, Presiding Judge.
On September 29, 1993, following an ore tenus proceeding, the trial court entered a judgment divorcing Francis Stephens and Joseph Lloyd Stephens. The judgment awarded the wife $400 per month in periodic alimony for three years; thereafter, the alimony was to “be reduced to the lesser of $250 or $400 minus any amount received from any disability or retirement” benefits that she might be receiving at that time. The wife was awarded a 1989 Toyota Cressi-da automobile, $9500 in the savings accounts listed in her name, and the burial policy in her name. The trial court also ordered the husband to make medical insurance available for the wife through his employer’s COBRA plan; however, each party was to pay one-half of the premiums.
The husband was awarded a 1977 Air Stream trailer; a Honda motorcycle; a 1976 Renken boat; a 1977 Ford van; the parties’ membership in the Hideaway Harbor Resort; all of his personal tools; and a credit union account in his name containing approximately $10,000.
The court ordered that the marital residence, which was appraised at $39,500, be sold within 12 months of the divorce judgment and that the proceeds, after deducting the costs of the sale, be divided equally between the parties. The wife was to have the exclusive use and occupancy of the marital residence until it was sold.
The wife appeals, contending that the trial court abused its discretion in its award of alimony and in dividing the marital property.
*802 A trial court’s determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). On appeal, issues of alimony and property division must be considered together, and the trial court’s judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id. Factors to be considered regarding the award of alimony and division of property are: “(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce.” Echols v. Echols, 459 So.2d 910, 911-12 (Ala.Civ.App.1984).
At the time of the trial, the wife was 57 years old and the husband was 51 years old. The parties had been married for approximately 29 years. The parties had one child, who was 23 years old at the time of trial. Further, there was no evidence of fault on the part of either party in reference to the cause of the divorce for the trial court to consider in dividing the property or in awarding alimony.
Although the wife testified that she had purchased several items of furniture, including a bedroom suite, den furniture, and a kitchen table, the record indicates that neither party had appreciable assets before the marriage. Most items of personal property were accumulated during the marriage. The parties had also purchased the marital residence in Childersburg, Alabama, during the marriage. There is no indebtedness on the marital residence and no indebtedness on any personal property owned by the parties.
The husband testified that he is presently employed as a mechanical pulp worker at Kimberly-Clark Corporation. He testified that his base pay is $15.87 per hour. He further testified that several weeks during the year, when other Kimberly-Clark employees are on vacation, he works as a crew leader and is able to earn $18.04 per hour. The husband’s W-2 form and tax return for 1992 indicate that his income was $47,338.71.
The wife testified that although she had worked in a textile null before the marriage and during the first years of the marriage, she had not worked outside of the home since the parties’ child was born in 1971. The wife testified that at the time of trial she was under the care of three physicians. She had been diagnosed as having arthritis, high blood pressure, a bulging disk, thyroid goiters, an abdominal aneurysm, and a heart palpitation. She testified that these ailments will prevent her from seeking employment in the near future.
The husband did not refute the evidence that his wife had been diagnosed with those ailments. In fact, the husband testified that he had encouraged his wife to apply for Social Security disability benefits. However, the wife testified that she had not applied for Social Security benefits at the time of trial.
We have reviewed the record with the appropriate presumption of correctness that attaches to a trial court’s ruling regarding alimony and property division. The trial court ordered that the marital residence be sold within 12 months of the divorce judgment and that the wife receive one-half of the net proceeds from the sale. Additionally, the trial court awarded the wife periodic alimony in the amount of $400 in anticipation of Social Security benefits that the wife may receive in the future. This award of periodic alimony is subject to modification if the wife’s needs change or increase. While we might have awarded more, we cannot say that the judgment of the trial court was unsupported by the evidence so as to amount to an abuse of discretion. Parrish.
AFFIRMED.
THIGPEN and YATES, JJ., concur.