L. CHARLES WRIGHT, Retired Appellate Judge.
Following a forty-two-year marriage, the parties were divorced by the Circuit Court of Madison County. The husband appeals and the wife cross appeals. The parties assert, for different reasons, that the trial court erred in its award of alimony in gross.
The provision of the final judgment, pertaining to alimony in gross, is as follows:
“Normally in a marriage of this duration, the Court would order the husband to pay periodic alimony to the wife in the amount of $1,147.00 a month, or $13,764.00 a year. However, the wife now is seventy-three years old (date of birth: July 12, 1922) and the husband now is eighty-two years old (date of birth: November 7, 1913). ■ Given the husband’s advanced age, it is entirely likely that he will predecease the wife, and that she will be left without any periodic alimony support during the winter of her life — and, given the equities of this marriage, that would be patently unfair to this woman. Consequently, this Court will award her alimony in gross in the amount of $169,022.00.”
The trial court explained that the periodic alimony figure of $1,147 per month or $13,-764 per year “was derived from computing the parties’ respective monthly gross income, counting the wife as two dependents, and using the formula established in Rule 32, Alabama Rules of Judicial Administration [Child Support Guidelines].” The trial court then determined that the wife had a life expectancy of 12.28 years. It multiplied the annual amount of periodic alimony by the wife’s life expectancy and arrived at the award of alimony in gross in the amount of $169,022.
Both parties complain that the trial court erred in its award of alimony in gross. The *335 husband asserts that the trial court incorrectly “awarded periodic alimony under the guise of alimony in gross.” He contends that the trial court failed to consider the condition of his present estate. The wife asserts that the trial court erred in considering only periodic support in determining its award of alimony in gross. She insists that the trial court should have considered all the property rights of the parties.
The distinction between alimony in gross and periodic alimony has been discussed by this court in many cases. Lacey v. Ward, 634 So.2d 1013 (Ala.Civ.App.1994). The bellwether ease of definition must be the supreme court case of Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). In short, that ease defined alimony in gross as the present value of the wife’s inchoate rights in the marital estate, dower, homestead, and distributive share. It is payable out of the husband’s estate as it exists at the time of the divorce. Lacey. Periodic alimony is an allowance for the future support of the wife, payable from the current earnings of the husband. Lacey.
Although we recognize the trial court’s novel approach to the award to the wife in this case, we consider it necessary to set it aside. If it was the intent of the court to award alimony in gross, as it apparently was, the award was incorrectly calculated. The calculation was not made from the consideration of the value of the marital estate as required by our authorities, Hager, 293 Ala. 47,299 So.2d 743, but from the anticipated income of the parties during the life expectancy of the wife. Such calculation has no relationship to an award of alimony in gross, but more nearly to periodic alimony. The result from such a calculation may have been acceptable, but the method is not acceptable. This court will not approve it and thereby establish a new basis of awarding alimony in gross. The judgment must be set aside insofar as such award and remanded to the trial court for a redetermination of the award.
The husband further asserts that the trial court erred in awarding $4,206 in attorney fees to the wife.
The granting or refusing of attorney fees is a matter within the discretion of the trial court, and its judgment will not be set aside absent an abuse of discretion. Ayers v. Ayers, 643 So.2d 1375 (Ala.Civ.App.1994). We find no abuse.
The wife’s request for attorney fees on appeal is granted. She is awarded the sum of $1,000.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.