SHORES, Justice.
Margaret Elizabeth Killough and William Forrest Killough were married for 17 years and had one daughter. It was the second marriage for both. They were divorced in Talladega County on September 6, 1996. The wife appealed from the trial court’s final judgment, which failed to award or set aside to her periodic alimony, but awarded her the sum of $100,000 as alimony in gross. The Court of Civil Appeals affirmed, without opinion, and denied the wife’s application for rehearing. Killough v. Killough, 723 So.2d 112 (Ala.Civ.App.1997) (table). We granted the wife’s petition for certiorari review.
The award of alimony and the division of property are matters within the sound discretion of the trial court, and the trial court’s ruling on those matters will not be reversed except for palpable abuse of that *590 discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). A trial court’s judgment is presumed to be correct if it is supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985); McCoy v. McCoy, 549 So.2d 53, 57 (Ala.1989); McCrary v. Butler, 540 So.2d 736 (Ala.1989); Jones v. Jones, 470 So.2d 1207 (Ala.1985); Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989); Nunnery v. Nunnery, 558 So.2d 944 (Ala.Civ.App.1990). The trial court’s judgment is subject to revision if it is plainly or palpably wrong. Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991). In dividing marital property and awarding alimony, the trial court should consider the following factors: (1) the earning abilities of the parties; (2) their probable future prospects; (3) their ages, health, and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce. Paulson v. Paulson, 682 So.2d 1060, 1063 (Ala.Civ.App.1996), citing Echols v. Echols, 459 So.2d 910, 911-12 (Ala.Civ.App.1984).
The wife argues that the trial court did not consider all the required factors, specifically the earning capacities and future prospects of the parties, their ages and health, the length of the marriage, the standard of living the parties enjoyed during the marriage, and the conduct of the parties. She contends that the trial judge’s failure to consider these factors is evident from the fact that the trial judge failed to award her periodic alimony or to reserve the right to award periodic alimony in the future. In addition, the final judgment made no provision for a place for her and the parties’ handicapped child to live. In fact, the final judgment provides that the wife and daughter must vacate the rental house in which they were living at the time of the hearing.
The wife also argues that the trial court’s award of alimony in gross was plainly and palpably wrong, because alimony in gross represents the present value of the wife’s inchoate rights in the marital estate, dower, homestead, and distributive share that is payable out of the husband’s estate as it exists at the time of the divorce. Fanning v. Fanning, 686 So.2d 333 (Ala.Civ.App.1996), citing Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). She contends that the alimony in gross of $100,000 is plainly wrong in light of the size of the marital estate.
The parties were married in 1979 and have one daughter. The daughter has physical disabilities resulting from a horrible accident that occurred when she was two years old, an accident in which her father ran over her with his tractor.
At the time of the hearing, the husband was 66 years old. He retired from the United States Postal Service in 1972 and receives $800 per month in retirement benefits from the Postal Service. The husband also receives Social Security benefits in the amount of $700 per month and receives $300 per month as a director of a local bank. In addition, at the time of the hearing he was one of three partners in KWB Company. He agreed that he had received $2,100 from KWB Company in 1996. The husband is a past president of the Alabama Cattlemen’s Association, and he also once served a full term as the elected probate judge of Tallade-ga County, after having been appointed to replace the preceding probate judge. He was once in the United States Army, and he also owned a store in the community of Alpine for 16 years. During the marriage, the husband was also employed in management with Southern EXO Chemicals Company. At the time of the divorce hearing, the husband was operating a cattle farm. The husband testified that he suffers from diabetes, back trouble, and congestive heart failure.
The wife is a registered nurse. At the date of the hearing, she was 56 years old. She was at that time working at two jobs; she was employed by Carradale Lodge, earning $16,500 annually, and she had a part-time job at the Alabama Institute for Deaf and Blind, earning an hourly wage when school was in session. At the time of the marriage, the wife was employed by the State of Alabama Health Department as a coordinator/supervisor of family planning. In 1980, she ceased her work for the state, at her husband’s request, and began working on the farm. She withdrew any retirement benefits she had at that time, also at her husband’s request. She testified that she had a heart *591 problem in 1994; that she was hospitalized for an irregular heartbeat and had a heart attack.
The wife testified that she fled from the home after an incident in which she claims the husband physically assaulted their daughter. The wife described the bruises on the child. The child did not testify. The husband characterized the incident as simply a “spanking.” There was evidence that the Department of Human Resources investigated the matter and did not find child abuse. The wife also testified that the husband watched pornographic videos in the home, and that she had asked him not to do so, for fear that the child would accidentally see one of the videos. In addition, she testified that the husband had certain “sex toys” that he wore around the house. The husband did not deny owning the videos or the sex toys, but denied that he used them where anyone could see him.
The major asset of the marriage is 625 acres of farmland in Talladega County, which the husband owned before the parties married. There is no dispute that the income produced by the farm was used regularly for the common benefit of the parties during the marriage. See § 30-2-51, Ala.Code 1975.
The value of the farm property, including the dwellings, the livestock, and the equipment, is hotly disputed; the estimates ranged from $372,000 (based on the husband’s testimony) to $1.6 million (based on the wife’s testimony). The wife testified that the husband himself had placed a value of $748,350 on the farmland in 1995. The husband testified that the brick house the family lived in is worth approximately $75,000 and that a rental house on the farm is worth $60,000. In addition there is a guest house, which the husband values at $25,000. The wife values the buildings separately from the farmland; the husband does not.
As to the value of the livestock, the husband testified that the cows alone are worth $37,000, the bulls $9,000, and the birds $3,000. The wife values the cows at $61,000, the bulls at $21,000, and the birds (including swans, ducks, emus, and rhea) at $30,000. The wife also includes 17 donkeys ($3,700), a llama ($500) and a horse ($300) in her estimation of the livestock value. The husband testified that the farm equipment is worth $45,000; he admitted that he owned only one tractor when they married. The trial court left all these assets with the husband. The husband testified that the total debt owed on the farm is $262,486. The wife testified that at the time of their marriage he had owed $232,000.
There is no dispute that during the marriage the wife engaged in rigorous manual labor on the farm. She testified that she worked on the tractors, changed the oil in the tractors, sharpened the blades on the mowing machines, changed out the equipment on the tractors, and ran the tractors. She cut firewood and hauled cows to market. She bought calves from dairies and bottle fed them until they could graze. When the couple married, the husband had fewer than 50 head of cattle. When the wife left, there were 197 brood cows, several bulls, 21 donkeys, and various birds. The husband agrees that the wife worked hard on the farm, cutting and baling hay, managing cows, and repairing and building fences. He also admits that her work enhanced the value of the property, particularly as to the orchard she planted around the house.
In light of the length of the parties’ marriage, the disparity in their incomes, the wife’s contribution to the farm for 17 years to the detriment of her pursuing a career with retirement benefits, and the conduct of the husband, we conclude that the trial court plainly abused its discretion in failing to reserve the right to award periodic alimony. Paulson v. Paulson, supra, at 1064; Maddox v. Maddox, 686 So.2d 343, 344 (Ala.Civ.App.1996). In addition, in light of the testimony concerning the worth of the marital estate, we hold that the trial court plainly abused its discretion in awarding the wife only $100,000 in alimony in gross. Fanning v. Fanning, 686 So.2d 333, 335 (Ala.Civ.App.1996).
The Court of Civil Appeals erred in affirming the trial court’s judgment. The judgment of the Court of Civil Appeals is reversed, and the case is remanded for further consideration in light of this opinion.
REVERSED AND REMANDED.
*592 HOUSTON, KENNEDY, COOK, and LYONS, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., dissent.