On November 6, 1998, the Mobile Circuit Court entered a judgment divorcing William H. Yost ("the husband"), and Nancy C. Yost ("the wife"). That judgment, in pertinent part, awarded the wife the marital home, valued at $65,000 subject to a $17,000 mortgage debt; household furnishings, *Page 795 
valued at $7,483; real property located at 426 West Vista Court in Mobile; the funds in a checking account and a credit-union account held in her name, totalling $31,273; and a 1987 Cadillac Cimarron automobile, valued at $1,500.
The husband was awarded a 1998 Bayliner boat, valued at $23,000, subject to a $17,000 indebtedness; real property located on Dauphin Island; four cemetery lots; scuba gear; the funds in a checking account, a savings account, and a Christmas Club account held in his name, totalling $1,642.
The trial court awarded each party any 401(k)-plan or other retirement benefits in their separate names and ordered that all joint accounts be equally divided. The court awarded no alimony to the wife, nor did it reserve the right to award periodic alimony in the future.
The wife appealed. The Court of Civil Appeals, on June 25, 1999, affirmed the judgment without an opinion. Yost v. Yost777 So.2d 332 (Ala.Civ.App. 1999) (table). We granted the wife's petition for certiorari review to consider whether the trial court abused its discretion.
The wife argues, as the basis of her certiorari petition, that the decision of the Court of Civil Appeals conflicts with prior decisions of this Court, with prior decisions of the Court of Civil Appeals, and with the Code of Alabama 1975. Specifically, she contends that the trial court's division of the marital property and the court's failure to award periodic alimony amounted to an abuse of discretion.
The Court of Civil Appeals has written:
 "The award of alimony and the division of property following ore tenus proceedings are matters committed to the sound discretion of the trial court, and its judgment as to those matters will not be reversed on appeal except for a palpable abuse of that discretion. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). The deference traditionally given to the trial court by the application of the ore tenus rule is due, in part, to the trial court's unique position to see or hear something that may not be readily apparent on the face of a written record. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986).
 "It is well established that issues regarding the division of property and alimony awards are interrelated, and in determining whether the trial court abused its discretion regarding either of those issues, this court must consider the entire judgment. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). The division of property is not required to be equal, but must be equitable in light of the evidence, considering the appropriate factors. Montgomery, supra. The factors to be considered include: the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). This court has also stated that these factors should be considered by the trial court in determining the amount and duration of alimony. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App. 1994)."
Sartain v. Sartain, 682 So.2d 1368, 1369 (Ala.Civ.App. 1996). A trial court may also consider retirement accounts in making its determinations regarding alimony and the division of property; however, there is no requirement that retirement accounts be divided. Ex parte Vaughn, 634 So.2d 533 (Ala. 1993).
These parties had been married approximately 38 years when the husband sued for a divorce. Both the husband and the wife are 64 years old. The husband is in excellent health; the wife takes medication for her nerves, smokes a carton of cigarettes a week, and "enjoys drinking wine." The wife testified that she drinks one to *Page 796 
two gallons of wine each week, beginning every day at 8:00 or 9:00 in the morning. Both parties acknowledged that they had abused alcohol in the past; however, the husband quit drinking in 1984 and has maintained his sobriety. The wife denies that she has a drinking problem.
In its divorce judgment, the trial court made no specific finding of fault. However, testimony indicated the wife had engaged in a short-term extramarital affair some 34 years before. There also appears to be some question as to the true paternity of the parties' 38-year-old son; when asked whether the husband was the father, the wife refused to answer, merely stating, "I don't think that needs to enter this case." Moreover, the wife's excessive use of alcohol seems to have greatly contributed to the husband's decision to end the marriage.
Evidence also showed that the husband had made approximately 292 telephone calls to another woman, J.C., during a 7-month period; that the two had been seen holding hands and touching one another at a Y.M.C.A. facility; and that after being together at the Y.M.C.A. facility he and J.C. had gone to her house and had spent three hours inside with no lights on, save for a blue light in what appeared to be the bedroom. The husband denied having any kind of sexual relationship with J.C. or any other woman during his marriage; he stated that he was very hurt by the recent discovery of his wife's affair. We note that J.C. is the widow of the husband's best friend, who had died a short time before the husband sued for a divorce. The wife testified that the husband always informed her when he spent time with J.C., including visits to her home. She further stated that she had told the husband it was inappropriate for him to spend time with J.C. at her home after they had already spent time together at the Y.M.C.A. facility.
The husband has a degree in chemical engineering and is employed by Mobile Shipbuilding and Repair Company. He also does project work for Parker Towing Company. In 1997, the husband had gross earnings of $71,847. His monthly net income is $4,379. The wife is a retired school teacher. She receives approximately $2,100 per month as her teacher's retirement pay and $828 per month in Social Security benefits.
The wife argues that the trial court abused its discretion (1) by failing to award periodic alimony; (2) by failing to award her a portion of the husband's 401(k)-plan retirement benefits; and (3) by failing to award her, as her separate estate, $27,000 she had inherited from her mother.
Section 30-2-51, Ala. Code 1975, provides, in pertinent part:
 "(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
The wife testified that four years before the divorce she had inherited $27,000 from her mother's estate. She deposited the money into a savings account that she designates as "her" savings account. The wife contends that the $27,000 has never been used for the common benefit of the marriage; thus, she says, the inheritance is her separate estate and should be excluded from the division of the marital property. The record shows that the "wife's" savings account is actually held jointly in the names of the husband and the wife; the inherited funds were combined with other funds in a joint account *Page 797 
and thereby lost any status as separate property. Accordingly, the trial court properly considered all funds in the joint account to be marital property and, therefore, subject to division.
The wife further argues that the trial court erred in failing to award her periodic alimony and failing to award her a portion of the husband's 401(k)-plan retirement benefits, which, at the time of the divorce, was worth $286,094. She essentially argues that the property division is not equitable. "Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues." Kennedy v. Kennedy,743 So.2d 487, 489 (Ala.Civ.App. 1999). After thoroughly reviewing the record, we cannot say that the trial court abused its discretion in denying the wife periodic alimony and in denying her a portion of the funds in the husband's retirement account. When the court is fashioning a property division, "the conduct of the parties and fault with regard to the breakdown of the marriage are . . . factors for the trial court to consider, even where the parties are divorced on the grounds of incompatibility." Smith v. Smith, 727 So.2d 113,116 (Ala.Civ.App. 1998). We further note that the wife, by being awarded the marital residence, effectively received a property settlement or alimony in gross of approximately $48,000.
We conclude, however, that the court abused its discretion in failing to reserve the right to order periodic alimony in the future. When a trial court does not award periodic alimony in a divorce case, or does not reserve the right to do so upon future consideration, its power to award alimony is permanently lost. See Chambliss v. Chambliss, 587 So.2d 406, 408 (Ala.Civ.App. 1991) (trial court abused its discretion by failing to reserve the right to award alimony to the wife in the future, in view of disparity between the parties' incomes and earning potentials, as well as the possibility the wife would eventually experience ill health).
To the extent it affirmed that portion of the trial court's judgment denying periodic alimony and that portion dividing the parties' property, the judgment of the Court of Civil Appeals is affirmed. However, to the extent it affirmed the trial court's failure to reserve the right to award alimony in the future, the judgment of the Court of Civil Appeals is reversed. On remand, the Court of Civil Appeals should direct the trial court to reserve the right to award periodic alimony in the future.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and England, JJ., concur.
Johnstone, J., concurs in part and dissents in part.