MURDOCK, Judge.
Iris Taylor, the wife, appeals from a divorce judgment entered by the Baldwin Circuit Court. She argues that the trial court abused its discretion by failing to require Thomas Taylor, the husband, to pay her periodic alimony and by failing to require the husband to pay for her medical insurance.
The parties married in 1975; they had no children. The wife had been married twice before; the husband had been married once before. The husband had three sons by his prior marriage; the husband’s sons were 4, 6, and 8 years of age when the parties married.
The wife filed a complaint for divorce in December 2000 on the ground of incompatibility of temperament. She requested, in part, that the trial court award her alimony and that it equitably divide the marital property. The husband filed an answer and counterclaimed for divorce, also on the ground of incompatibility of temperament.
A trial was held in January 2002, at which ore tenus and documentary evidence were received. Approximately one year later, in January 2003, the trial court entered a judgment divorcing the parties “due to a complete incompatibility of temperaments.” The trial court reserved the issue of periodic alimony and stated: “The Court notes that the property division that the Court is making pursuant to this Final Order is greatly in the Wife’s favor, and hence, no periodic alimony is awarded at this time.”
As to the division of marital property, the trial court awarded the wife the marital home valued at $317,000, which was subject to a $127,521 mortgage that she was required to pay; a 1993 Chevrolet truck valued at $4,185; an aluminum horse trailer valued at $13,000, which was subject to an indebtedness of $10,800 that she was required to pay; a home spa valued at $3,000, which was subject to an indebtedness of $2,245 that she was required to pay; and the parties’ “horses, tack, and horse gear,” the value of which is not reflected in the record. Further, the trial court awarded the wife one-half of the husband’s two 401(k) retirement accounts, a total value to her of $111,143; $12,618 from the husband’s individual retirement account; and one-half of the funds in the parties’ bank accounts, a total value to her of $3,300. The parties agreed to equally divide the proceeds from the sale of $5,700 in equipment, and they agreed to the division of their remaining personal property; the wife received approximately $15,657 of the remaining personal property and was to receive $2,850 from the equipment-sale proceeds. The total property award to the *153 wife, after reduction for her debt obligations, was approximately $342,187.[1]
The trial court awarded the husband a 1987 Ford truck valued at $2,405; a condominium in Manzanillo, Mexico, in which the parties had no equity; a time-share condominium in Orlando, Florida, with a value of $20,000; and a 17-foot Regal boat (including the motor and trailer) valued at $2,285. The husband also received the remaining one-half of the value of his 401(k) retirement accounts, a total value to him of $111,143; the remaining $60,071 from his individual retirement account; and the remaining $3,300 from the parties’ bank accounts. Pursuant to the parties’ agreement as to the division of their remaining personal property, he also received $24,434 in other personal property and was to receive $2,850 from equipment-sale proceeds.
The trial court required the husband to pay the parties’ credit-card debt in the amount of $16,763, the parties’ $6,014 joint tax liability to the State of Alabama, and his $900 debt to his dentist.
The total property award to the husband, after reduction for his debt obligations, was approximately $202,811.[2]
The wife filed a postjudgment motion requesting that the trial court alter, amend, or vacate its judgment, or, in the alternative, that it grant her a new trial. The trial court denied the wife’s post-judgment motion. The wife appeals, contending that the trial court abused its discretion by failing to award her periodic alimony and by failing to require the husband to pay for her medical-insurance coverage.
Matters such as alimony and property division are within the sound discretion of the trial court. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993); Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Also, because the division of marital property and the award of periodic alimony are interrelated, those issues must be considered together on appeal. Barnes v. Barnes, 521 So.2d 58 (Ala. Civ.App.1988); Montgomery, supra. When, as in this case, a trial court’s judgment is based on ore tenus evidence, the *154 judgment is presumed correct. Kennedy v. Kennedy, 743 So.2d 487 (Ala.Civ.App. 1999). This court will not reverse the a trial court’s division of marital property and its award of periodic alimony unless the trial court’s rulings are unsupported by the evidence and, thus, amount to an abuse of discretion. Parrish, supra; Grimsley v, Grimsley, 545 So.2d 75 (Ala. Civ.App.1989). “[T]he determination of what is equitable rests within the broad discretion of the trial court. ‘It is not for an appellate court to substitute its judgment for that of the trial court.’ ” Ex parte Moore, 873 So.2d 1161, 1166 (Ala. 2003) (quoting Ex parte Durbin, 818 So.2d 404, 409 (Ala.2001)).
Periodic alimony “is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].” Ex parte Hager, 293 Ala. 47, 55, 299 So.2d 743, 750 (1974). In determining whether to award periodic alimony, a trial court should consider several factors, including the parties’ respective present and future earning capacities, their ages and health, their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App. 1986). The decision whether to award periodic alimony is entrusted to the sound discretion of the trial court, and that award will not be set aside absent an abuse of discretion. O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996).
In regard to the division of marital property, the record reflects that there was substantial agreement of the parties as to the division of the marital assets. However, the wife requested that the husband be required to pay all of the marital debts and that he also be required to provide for her support for the remainder of her life, without her being required to seek employment. As noted, the net value of the property awarded to the wife was $342,187, which represents approximately 63% of the net asset value awarded; the husband’s net award of $202,811 represents approximately 37% of the net asset value awarded.
As to the trial court’s decision not to award the wife periodic alimony in its judgment, the record reflects the following. At the time of trial, the wife was 52 years old and the husband was 55 years old. The husband had worked in the ste-vedoring business for 37 years. Until a few months before trial, he had been stationed in Mexico, where he had annual gross income of approximately $224,900. At trial, however, the husband testified that his employer had recently transferred him to California and had reduced his gross income to approximately $100,000 per year, plus a $10,000 annual bonus. The record reflects that, at the time of trial, the husband’s monthly net income was $4,564, after he made over $900 in monthly contributions to his 401(k) retirement accounts. The husband had monthly living expenses of $3,252 (excluding the mortgage indebtedness and the temporary-alimony payments he was paying the wife during the pendency of the divorce litigation).[3]
During the parties’ marriage, the wife had primarily served as a housewife and as a stepmother to the husband’s children until they became adults. At the time of trial, the wife’s right leg was in a cast and she had recently been confined to a wheelchair. The wife had had 4 surgeries on her right ankle in the 11 years before the trial, as well as several operations on her *155 left knee. The wife expected to be in a cast for another six weeks after the trial. Despite the wife’s medical condition, however, there was evidence that her injuries would not prevent her from working. In fact, she testified that she had ridden a horse only two days before trial. The wife has a high-school education, a beautician’s license, and a real estate license. During the approximately 10-year period before trial, the wife had worked as a real estate agent, a secretary, and an airplane-parts assembler. Also, a few years before she filed her complaint for divorce, the wife had worked as the manager of a window-tinting business. Further, although the wife’s last employment had been approximately two years before trial, a former coworker of the wife testified that the wife had told him that, based on the advice of her attorney, she had not sought employment pending the resolution of her divorce case. Also, one of the wife’s stepson’s testified that she was lazy, except when it came to her equestrian activities.
The wife offered no evidence as to her earning capacity, and, based on the wife’s admissions and the husband’s testimony, there was ample evidence that she had the physical capacity to work. The only .indication in the record as to the wife’s living expenses was evidence that, pursuant to an order entered by the trial court after the wife filed her complaint, the husband had paid her approximately $3,200 per. month for mortgage payments ($1,600 for the monthly mortgage payment on the marital home and $1,600 for the monthly mortgage payment on the adjacent parcel described in note 1, supra) and approximately $3,000 for her monthly living expenses. The wife provided no details as to her living expenses, and she did not provide evidence that she could not obtain medical insurance.
The burden is on the party who is seeking periodic alimony to prove that a periodic-alimony award is warranted. See Austin v. Austin, 678 So.2d 1129, 1131 (Ala.Civ.App.1996). The trial court determined that it was unnecessary to award the wife periodic alimony because of the property award that it made to her. This court must affirm the trial court’s judgment if its determination was supported by the evidence. See Ex parte Moore, supra.
As noted above, there was evidence that the wife could engage in gainful employment but that she had purposely avoided doing so. Also, the wife failed to offer evidence that she had insufficient earning capacity to pay her own living expenses, including her own medical insurance, and she failed to offer evidence of what her living expenses were. Under the circumstances, the trial court could have concluded that the wife failed to meet her burden of proof. In the alternative, it could have determined that the ample property award to the wife was a more equitable disposition than to award her less property and periodic alimony.
The wife stresses in her brief on appeal that the trial court’s refusal to award her periodic alimony in its judgment was an abuse of discretion in light of the alleged misconduct by the husband that, she says, caused the breakdown of the marriage. The husband admitted that he was involved in an adulterous relationship for approximately one month when he was stationed in Indonesia from 1996 to 1998. However, the wife' had no knowledge of the husband’s Indonesian affair until the husband admitted it at trial; the husband testified that the brief affair had no effect on the parties’ marriage. The wife alleged that the husband had committed adultery when he was stationed in Mexico from 1998 until a few months before the January 2002 trial. The husband admitted *156 that, while he was stationed in Mexico, a young woman who had recently been divorced from one of the husband’s coworkers lived with him and served as his maid. However, he stated that he was only assisting her during a difficult time and that the young woman did not begin living with him until several months after the wife had filed her complaint for divorce. The husband denied that he had committed adultery with the young woman.
The trial court could have believed the husband’s testimony that he had not committed adultery with the young woman in Mexico. Also, though the divorce was granted on the ground of incompatibility, the trial court could have determined that the wife was primarily at fault for the breakdown of the marriage. See Ex parte Yost, 775 So.2d 794 (Ala.2000); Kluever v. Kluever, 656 So.2d 887 (Ala.Civ.App.1995). There was evidence that the wife became involved with a paramour (who, unlike the husband, also was a “horse person”) while married to the husband. Further, the trial court could have concluded, based on the testimony of the paramour’s former wife, that the wife had had some relationship with her paramour for several years. The trial court could also have concluded that the wife had lied about her relationship with her paramour. Further, based on the husband’s testimony, the trial court could have concluded that the wife had not been devoted to the parties’ marriage for several years before she filed her complaint for divorce and that she had been threatening to divorce the husband for several years before she filed her complaint. There was evidence that for several years before the parties’ divorce the wife repeatedly put her horses and her horse-related activities ahead of her family, including the husband, and the trial court apparently took this into consideration in fashioning its award.
Based on the foregoing, we cannot conclude that the trial court’s judgment denying the wife’s request for periodic alimony and medical-insurance coverage is unsupported by the evidence, particularly since the trial court reserved the issue of periodic alimony in the event of a material change of circumstances.
The husband’s request for the award of an attorney fee on appeal is denied.
AFFIRMED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
YATES, P.J., dissents, with writing.

. The parties also owned a parcel of real property adjacent to the marital home. That parcel was valued at $185,000, but it was subject to an outstanding mortgage indebtedness of $121,393. The mortgage payment on that parcel was $1,600 per month. The husband's son and daughter-in-law rented that parcel from the husband for $750 per month.
The trial court made no mention of the parcel adjacent to the marital home in its judgment, and the record does not disclose how that parcel was titled. Thus, ownership of that parcel remained as it was before the trial court’s judgment. See Johnson v. Johnson, 585 So.2d 89, 90 (Ala.Civ.App.1991). However, we have no way of determining who owned that parcel. In the husband’s appellate brief, he states that the parcel was sold after trial pursuant to an agreement between the parties. The record contains no evidence as to the sale of the parcel or the division of the proceeds from the sale.

. The wife emphasizes in her brief to this court that the husband acquiesced in the property award to her and that the husband stated that he thought the wife "deserved some alimony” and that he could pay for her COBRA medical-insurance coverage. The wife has not argued that the husband's testimony changes the standard of review in this case, i.e., whether the trial court abused its discretion. Nor would such an argument have any merit. See generally Junkin v. Junkin, 647 So.2d 797, 799 (Ala.Civ.App.1994) ("The trial court ... is not bound by the agreement of the parties.... The trial court may adopt or reject such parts of the agreement as it deems proper from the situation of the parties as shown by the evidence.... Therefore, the question becomes whether there was enough evidence presented to the trial court to support its finding.” (Citations and emphasis omitted.)).

. Before the entry of the divorce judgment, the parties' monthly expenses totaled approximately $9,452. The husband testified that, after he was transferred to California, they had a monthly income shortfall of approximately $4,888.