Following 31 years of marriage, Beckie Matthews Edwards ("the wife") filed a complaint for a divorce against Bruce Danford Edwards ("the husband") on August 8, 2002, alleging incompatibility of temperament between the parties and an irretrievable breakdown of the marriage. In her complaint, the wife requested, among other things, that the court grant her certain property, alimony, and attorney fees incident to the divorce proceedings. The *Page 700 
husband answered the complaint and denied the wife's allegations. One child was born of the marriage; he has reached adulthood.
Following an ore tenus hearing, the court entered an order, which stated, in part:
 "5. That the [husband] shall pay to the [wife] as periodic alimony the sum of $1,250.00 per month beginning with the month of February of 2003 and continuing monthly thereafter. . . . The periodic alimony due at the above rate shall continue to be paid each month until the [husband] reaches the age of 65 years or until he ceases regular employment, if earlier, and in either event the amount shall automatically reduce to $250.00 per month."
Both parties filed postjudgment motions; those motions were denied by operation of law. The wife appeals. No reply brief was filed by the husband.
The wife argues on appeal that the trial court erred in allowing for an automatic reduction in alimony based on the occurrence of one of two possible triggering events without requiring the husband to file an order seeking a modification of alimony based on a showing of a material change in circumstances.
 "`[I]n reviewing the judgment by the trial court, we are governed by the well-established ore tenus rule. Under this rule, when the trial court has been presented evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust.'"
Hartzell v. Hartzell, 623 So.2d 323, 325 (Ala.Civ.App. 1993) (quoting Brannon v. Brannon, 477 So.2d 445, 446 (Ala.Civ.App. 1985)). This presumption of correctness is based on the trial court's unique position to observe the witnesses and assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408, 410
(Ala. 1986).
This court held in Waltman v. Waltman, 528 So.2d 867, 868
(Ala.Civ.App. 1988), that "the sole purpose of periodic alimony is the support of the dependent former spouse. . . ." The awarding of periodic alimony is an attempt to maintain the economic status of the parties, to the extent possible, until the receiving spouse is able to maintain a lifestyle similar to the one enjoyed during marriage. Orr v. Orr, 374 So.2d 895, 897
(Ala.Civ.App. 1979), writ denied, 374 So.2d 898 (Ala. 1979),cert. denied and appeal dismissed, 444 U.S. 1060,100 S.Ct. 993, 62 L.Ed.2d 738 (1980). "The trial court may modify an award of periodic alimony if the petitioner proves that a material change of circumstances has occurred since the last award was made." Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App. 1995). In considering whether to modify an alimony obligation, the court should consider the earning capacity of the spouses, the payor's ability to meet the needs of the recipient spouse, and the estates of the respective parties. Id. The trial court will not be required to modify the award even though a change in circumstances may be proven. Id.
In DeShazo v. DeShazo, 582 So.2d 564 (Ala.Civ.App. 1991), the husband appealed the trial court's decision, asking that his alimony obligation be reduced in the future because he was 66 years old and his retirement was imminent. This court held that a payor spouse's ability to pay alimony in the future is mere speculation. Id. "Any reduction in alimony prior to [a] change in circumstances would be premature." 582 So.2d 565.
Unlike the husband in DeShazo, the husband in the present case is still several years from retirement age. Although he has Crohn's disease, he takes *Page 701 
medication and his job is such that he can take off when he is unable to work and resume work when he is able. In this case, absent a material change in circumstances and the filing of a petition for modification by the husband, any attempt by the court to determine the husband's future earning capacity is speculation. Furthermore, the automatic reduction in future periodic alimony provided in the trial court's judgment does not take into consideration the reason behind awarding periodic alimony or the factors established in Kiefer for determining a need for modification of alimony. The trial court has abused its discretion in determining those anticipated events that will automatically reduce the amount of alimony in the future.
Judge Pittman in his dissent cites Stephens v. Stephens,647 So.2d 800 (Ala.Civ.App. 1994), and Roberts v. Roberts,450 So.2d 137 (Ala.Civ.App. 1984). In Stephens, the recipient spouse's alimony was to be reduced in the future based on "`disability or retirement' benefits that she might be receiving at the time." 647 So.2d at 801. In Roberts, the recipient spouse's alimony was to be reduced when she became eligible to receive her Social Security benefits. 450 So.2d 137. In those cases, the reduction does not appear to be automatic, but contingent upon the recipient spouse's receiving money from an outside source. In the present case, there is no indication that the wife will receive any money in the future from an outside source that may allow a reduction in alimony.
Accordingly, the judgment is reversed and the case is remanded for the trial court to delete that part of the judgment that automatically reduces the alimony in the future on the occurrence of certain events.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
PITTMAN, J., dissents, with writing.