I cannot agree that Alabama trial courts awarding periodic alimony incident to a divorce judgment do not have the power to prospectively direct a change in alimony payments upon the occurrence of an anticipated contingency. We have often held that judgments providing for "automatic" changes in alimony may be proper. E.g., Stephens v. Stephens, 647 So.2d 800 (Ala.Civ.App. 1994) (judgment providing for $400 monthly alimony payments for three years, followed by reduction to lesser of two possible lower amounts, held to be within trial court's discretion);Nunnery v. Nunnery, 558 So.2d 944 (Ala.Civ.App. 1990) (periodic-alimony award in the amount of $1,250 per month for six years and in the amount of $1,600 per month thereafter held proper); Roberts v. Roberts, 450 So.2d 137 (Ala.Civ.App. 1984) (periodic-alimony award in the amount of $400 per month for four months and $200 per month thereafter held proper). In my view,DeShazo v. DeShazo, 582 So.2d 564 (Ala.Civ.App. 1991), when properly read, is not to the contrary; rather, it stands for the proposition that trial courts, in rendering divorce judgments, are not obligated to account for imminent changes in parties' lives. Because I would affirm the trial court's judgment, I respectfully dissent. *Page 702